## Thomas G. Allen
### *v.*
### John Breusing.

1. ACTION FOR MONEY PAID — *when it will lie.* A person who pays the indebtedness of another at his request, may maintain an action against him for money paid.

2. IMPLIED PROMISE — *payment of debt by surety.* Where a surety or guarantor is compelled to pay money by reason of his suretyship or guaranty, the law implies a promise on the part of the principal for its repayment.

3. PLEA OF PAYMENT — *what constitutes.* A plea in an action on a promissory note, set up that the plaintiff had agreed to extend the time of payment of the note if the defendant would guaranty the payment of certain indebtedness of the plaintiff to other persons; that the defendant had made such guaranty, and, by reason thereof, had been compelled to pay that indebtedness of the plaintiff. *Held,* that the plea was substantially a plea of payment.

4. PLEA OF ACCORD AND SATISFACTION — *what it should allege.* The plea not alleging that the guaranty was accepted in accord and satisfaction, it is not therefore a plea of that character.

5. PLEA OF SET-OFF — *its requisites.* It contained no prayer that the sum averred to have been paid under the guaranty, might be set off against the cause of action described in the declaration; therefore, it was not a plea of set-off.

6. PLEA NOT TO SUE *for a certain time.* Nor was it a plea setting up an agreement not to sue for a definite limited time, because no such time was mentioned.

7. EVIDENCE *under plea of payment.* The payment by the defendant of the indebtedness of the plaintiff, which he was compelled to make by reason of his guaranty, was upon the implied request of the plaintiff, and might have been given in evidence under an ordinary plea of payment.

8. PLEADING — *plea purporting to answer the whole declaration, but only answering a part.* A declaration in assumpsit contained a special count upon a due bill, and the common counts; a special plea commenced thus : "And now comes the defendant and defends the wrong and injury when, &c., and says that after making and delivering the said due bill in said plaintiff's first count in said declaration men-

tioned, to wit, on," &c., proceeding to allege the payment of the due bill. *Held*, that the plea did not purport to answer the whole declaration, but only the special count upon the due bill.

APPEAL from the Circuit Court of Randolph county.

This was an action of assumpsit instituted in the court below by John Breusing against Thomas G. Allen. The declaration contained a special count upon the following due bill:

                                        Sept. 4, 1862.
Due John Breusing, or order, three hundred dollars, value received.                          THOS. G. ALLEN,
                                        Col. 80th Reg't Ill. Vol.

The common counts were added, for goods sold, money paid, money lent and upon an account stated.

The defendant filed the following special plea: " And now comes the defendant and defends the wrong and injury, when, &c. And says that after the making and delivery of said due bill in said plaintiff's first count, in said declaration mentioned, to wit, on the 15th day of Sept., 1862, at the city of Louisville, Ky., to wit, at the county of Randolph in the State of Illinois, said plaintiff being at that time sutler in the 80th regiment Illinois volunteer infantry, of which regiment said defendant was the colonel, said plaintiff became indebted, by means of giving out certain check promises to pay in change for large sums of legal current money obtained for his goods and wares, from the enlisted soldiers of said regiment, to the said enlisted soldiers, in ·a large amount, to wit, in the sum of $500. And being so indebted, the said plaintiff requested the defendant to guaranty to said soldiers the payment of said indebtedness by said plaintiff, promising· and then and there obligating himself to extend the time of payment of said due bill in said first count of said declaration mentioned until he, the said plaintiff, should be free and discharged of all indebtedness to the aforesaid enlisted soldiers. And the defendant did then and there, to wit, at the time and place aforesaid, in consideration of said plaintiff's said agreement to extend the time of payment of said

due bill, as aforesaid, guaranty the payment of said plaintiff's aforesaid indebtedness to said soldiers; and afterward, to wit, at the time and place aforesaid, said plaintiff left said regiment without paying, and has since that time, hitherto, wholly neglected and refused to pay his aforesaid indebtedness to said soldiers; by reason of which, and said defendant's guaranty as aforesaid, defendant has had to pay a large amount of said plaintiff's indebtedness to said soldiers, to wit, the sum of $350, which sum has not been paid defendant; and this defendant is ready to verify, &c."

To the common counts the general issue was pleaded.

The plaintiff interposed a demurrer to the first plea, alleging the following special grounds: *First*, that it purports to answer the whole declaration and only answers the special count; *second*, that it, is neither a plea of set-off nor accord and satisfaction, nor does it show how long the plaintiff was to give time. The court sustained this demurrer; and the defendant electing to abide by his special plea, the court rendered judgment in chief for the plaintiff for the amount of the due bill mentioned in the first count, and interest thereon.

The defendant thereupon took this appeal, and now insists, among other grounds of error, that his special plea was not obnoxious to either of the special grounds of demurrer relied upon by the plaintiff.

Mr. THOMAS G. ALLEN, *pro se.*

Mr. WM. H. UNDERWOOD, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The only question involved in this record is, whether the court below erred in sustaining the demurrer to defendant's special plea. It avers that plaintiff below, as a sutler in the army, had issued to the soldiers of the regiment his checks for sums of money therein named, which he was bound to redeem; and being so indebted to the soldiers, he agreed with defendant that if he would guaranty the payment of the checks, he would

extend the time of payment on the note sued upon. That defendant did guaranty the payment of the checks, in consequence of which he had to pay three hundred and fifty dollars of plaintiff's said indebtedness to the soldiers, which sum plaintiff has never repaid to defendant. By the first special ground of demurrer, it is objected that the plea purports to answer the whole declaration, when, in fact, it only answers the first count. The plea commences: "And now comes the defendant and defends the wrong and injury, when, &c., and says that after making and delivering the said due bill in said plaintiff's first count in said declaration mentioned, to wit, on," &c. The plea, if it is good for any purpose, is a plea of payment. It purports to be a defense simply to that count. It refers to the due bill described in that count, and avers that after it was made appellee agreed to extend the time for its payment, if appellant would guaranty the payment of checks issued by appellee to the soldiers of the regiment. That he did guaranty their payment, and in consequence of his guaranty, he was compelled to take up and satisfy these checks to the amount of three hundred and fifty dollars. The gist of the plea is this payment, and it applies to the first count of the declaration.

The other special cause of demurrer is, that it is neither a plea of set-off, or of accord and satisfaction, and fails to show what length of time was given to appellant to make payment. This may all be true, and yet if it is, substantially, a good plea of payment, it would be good. The plea is inartificially drawn. It does not allege that the guaranty was accepted in accord and satisfaction. It is, therefore, not such a plea. It fails to pray that the sum averred to have been paid under the guaranty may be set off against the cause of action described in the declaration. It cannot be held a plea of set-off. Nor is it a good plea of a covenant never to sue, operating by way of release, to discharge the debt; nor as a plea not to sue for a definite limited time, as no such time was agreed upon by the parties. If it is a defense; it is, as some other plea.

As informal as it certainly is, can it be held substantially a sufficient plea of payment? There can be no doubt that if this

· money had been paid to the soldiers, at the request of appellee, an action for money paid could have been maintained. And where a surety or guarantor is compelled to pay money in consequence of such an undertaking, the law implies a promise on the part of the principal for its repayment. Then, if the averments of this plea are true, and the demurrer admits their truth, appellant could maintain an action for money paid for the use of appellee. Whilst this was not a payment directly to appellee, it was a payment to his creditors, for which appellant was liable, and had, by the neglect of appellee, been compelled to pay. It was paid at appellee's implied request, and could have been given in evidence under a plea of payment. It then follows, although the averments of the plea are not formal, that it is, substantially, a plea of payment, and the demurrer, for that reason, was improperly sustained, and the judgment must be reversed, and the cause remanded with leave to reply.

*Judgment reversed.*