11 363
s12a 170

## PARKER V. COCHRANE ET AL.

1. In an action on a contract, a counter-claim against plaintiff's hus-
band, who was not a party to the suit, pleaded in the answer after
a general denial, should be stricken out as irrelevant, being in legal
effect merely a denial that plaintiff is the party in interest in the
suit, which was already at issue under the general denial.
2. In an action for the purchase money of chattels purchased by
defendants of plaintiff's husband, as her agent, plaintiff having
shown her ownership of the chattels, and her right to recover the
purchase price, and defendants merely proving that the fact of the
agency was not disclosed to them at the time of the sale, a judg-
ment for defendant is erroneous.
3. In an action on a contract, evidence is not admissible, under a gen-
eral denial, to establish a counter-claim against plaintiff's husband,
who is not a party to the suit, such counter-claim against the
husband having been stricken out of the answer as irrelevant.

*Error to District Court of Fremont County.*

THE amended complaint alleges "that on, to wit, the
1st day of July, A. D. 1882, the defendants became and
were indebted to plaintiff in the sum of $520 for and on
account of certain chattels; that is to say, twenty-six
head of cattle of the price and value of $20 for each one
thereof, bargained and sold, and then delivered, by the
plaintiff to and for the defendants, at the instance and
request of the defendants; that for said cattle the said
defendants, upon said delivery thereof, became and were
and are liable to pay the plaintiff the price of $20 for
each head thereof, together with lawful interest thereon
from and after said July 1, A. D. 1882, for that said price
and aggregate sum was due at the date last aforesaid,
and was then payable from the defendants unto the

plaintiff; and that the defendants have not paid the said aggregate sum, $520, nor any part thereof; nor have they paid any of said interest; but the same is due, and remains wholly unpaid to the plaintiff. Demand of judgment for said $520, and lawful interest thereon from July 1, A. D. 1882, the same being on January 1, 1884, $598, and for lawful interest on said $520 from January 1, 1884, till judgment herein, and for costs, and all relief proper herein." The answer denies each and every allegation of the complaint, and for a second defense alleges: "That on or about December 1, 1881, they made a contract in writing with one W. C. Parker, as follows, to wit:

"'CAÑON CITY, COLO., December 1, 1881.

"'By this contract, made this 1st day of December, 1881, W. C. Parker agrees to sell and deliver to Cochrane & Dowling all cattle branded on left-side hip or shoulder; also a few branded J on side or hip; also a few branded P, hip or side, the said cattle being now ranched on Wilson gulch, near Durango, La Platte county, Colo., at the rate of $20 per head, less $200 on the whole lot. Cattle to be delivered on or before July 1, 1882. No cattle to be sold or disposed of to any other party than Cochrane & Dowling between this date and time of delivery. Cochrane & Dowling agree to receive and pay for above-described cattle at the rate of $20 per head, less $200 on the whole lot; they also agree to furnish men to hold the cattle as fast as rounded up, and to hold them till final delivery. Cochrane & Dowling have privilege of taking out what beef they may see fit, up to the time of delivery, on payment for them at $20 per head. Cattle to be delivered on road to Pagosa Springs, ten miles from O'Niel's ranch, or at the Parker ranch on Wilson gulch. Received check for $2,000 on account of above contract.

"'W. C. PARKER,

"'COCHRANE & DOWLING.

"'Witness: SAM'L S. LENDHOLM.'

" That by the terms of said contract said W. C. Parker was bound to deliver to defendants all the cattle he, the said Parker, then had or owned, which were branded as therein set forth, and to deliver the same at the times and places therein stated, and for the prices therein. stated. That at that time said W. C. Parker had and owned cattle near Durango, branded with said brand, to the number of seven hundred head, all of which were by said contract sold to defendants, and thereby became the property of the defendants, and said W. C. Parker thereby became bound to deliver the same at the times and places aforesaid. That said W. C. Parker failed and refused to perform his part of said contract in this, that up to June 30, 1882, he delivered but five hundred and twenty-one of the said cattle. That on June 30, 1882, said W. C. Parker did deliver twenty-six head more of said cattle, and never any more, and defendants have never received any other thereof from any source whatever; that defendants fully did and performed all required of them by said contract, and paid $2,000, as stated therein. That said W. C. Parker represented to defendants, at the time of making said contract, that he was then the owner of said cattle branded as therein described, and there were as many as seven hundred. That defendants believed and relied upon its truth. That said W. C. Parker retained, and failed and refused to deliver, about two hundred of said cattle branded as in said contract described, and which, by the terms of his said contract, he was bound to deliver to defendants at the time and places therein stated, and still holds and refuses to deliver the same, though the defendants are now and have at all times been able, ready and willing to pay and perform as provided in said contract, and have often requested performance from said W. C. Parker. Defendants have paid on said contract $10,220. That the price and value of cattle advanced considerable soon after making said contract. That there was a large margin of profit to them

in the said purchase, had all the same been delivered, to the amount of at least $5 per head. That on this account did said W. C. Parker refuse to perform his said contract, and now, in this action, is colluding and conniving with plaintiff to defeat the rights of defendants provided by said contract, so that defendants have been damaged in the sum of $1,000 by reason of said W. C. Parker's failure to carry out his part of said contract. And these facts are now set forth for that said last bunch of said cattle delivered under said contract correspond in value to the demand of plaintiff herein; and defendants are informed and believe that this said plaintiff is the wife of said W. C. Parker, and believe that the said W. C. Parker is the real party hereto, and brings this action in the name of his said wife with the hope and for the purpose of defeating defendants in their rights in said contract set out. Wherefore defendants ask that this action be dismissed, and for judgment for costs, and for such other relief as they may be entitled to in the premises." This second defense was, on motion, stricken out. Trial to the court, and judgment for the defendants. Writ of error to the supreme court.

Messrs. JOHN W. BLACKBURN and SAMUEL P. DALE, for plaintiff in error.

Messrs. STALLCUP and SHAFFROTH, for defendants in error.

ELBERT, J. It is difficult to treat the second defense interposed by the defendants' answer as anything more than a plea that the plaintiff is not the real party in interest. In this view the answer is bad. The same issue is presented by the allegations of the complaint and the answer traversing them. Under the issues thus made it was competent for the defendants to show that W. C. Parker, and not the plaintiff, was the real owner. Bliss, Code Pl. § 327 et seq. The written contract with W. C.

Parker set up and alleged in this defense, its breach, and the damages resulting therefrom, is irrelevant matter without the further allegations that W. C. Parker, in making the contract, acted as the agent of the plaintiff, and that the twenty-six head of cattle mentioned in the plaintiff's complaint were part of the cattle so contracted for, and were delivered under and in pursuance of this contract. These allegations would have made the defendants' claim for damages a good counter-claim against the plaintiff. If the agency of the husband was not disclosed to the defendants it did not affect the right of the plaintiff to sue in her own name for the purchase price. Story, Ag. § 417 *et seq.* If the agent failed to comply with the terms of the contract of sale it was the failure of the principal, and any damages resulting therefrom to the defendants could have been recouped under proper pleadings. Id. § 419 *et seq.*, 452; Ewell's Evans, Ag. *440. There are no sufficient allegations, however, in this defense to justify the application of these principles, and, as we have said, the whole matter, as it stands pleaded, is irrelevant, and constitutes no good defense or counter-claim to the plaintiff's action. Code, ch. 4, § 62. In this connection it is to be observed that the answer does not ask to be allowed damages as a counter-claim, but that the complaint be dismissed. The theory of the defense appears to have been that W. C. Parker, and not the plaintiff, was the real party in interest, and upon this issue they relied. This was but a traverse of what was already in issue, and was properly stricken out by the court. The action of the court in this respect is not assigned as error, but we have discussed it in view of a new trial, and for the purpose of showing more clearly the errors for which the judgment of the court below must be reversed. Having stricken out the second defense, the traverse of the allegations of the complaint constituted the only issue remaining to be tried. Under these issues it was not competent for the defendants to

give evidence of a counter-claim, and all the evidence, therefore, which was admitted for the purpose of showing that the defendants had sustained damages by reason of the failure of W. C. Parker to comply with the terms of the contract, was improperly admitted. In this respect the court erred. Upon the evidence properly admitted, and pertinent to the issues to be tried by the court, we are at a loss to account for its finding and judgment. The testimony offered by the plaintiff showed her ownership of the cattle, and her right to recover the purchase price. Upon these points we do not find any conflict of testimony. The testimony of the defendants only goes to the fact that the agency was not disclosed to the defendants at the time of the sale or thereafter; but this, as we have said, did not affect the right of the plaintiff to sue and recover in her own name. On the pleadings and the evidence we are of the opinion that the court erred in rendering judgment for the defendants.

The judgment of the court below is reversed and the cause remanded for further proceedings.

*Reversed.*