(February 26, 1906.)

## THE WESTERN LOAN AND SAVINGS COMPANY, a Corporation, Appellant, v. C. S. SMITH, NELLIE J. SMITH and JOHN W. GIVENS, Respondents.

[85 Pac. 1084.]

AFFIDAVIT TO SET ASIDE DEFAULT JUDGMENT—MISTAKE—INADVERTENCE, SURPRISE OR EXCUSABLE NEGLECT.

1. Affidavits on motion to set aside a default judgment under the provisions of section 4229 of the Revised Statutes must show that the default occurred through mistake, inadvertence, surprise or excusable neglect.

2. An application to set aside and vacate a default judgment is addressed to the sound discretion of the court to which the application is made, and unless it appear that such discretion has been abused, the order will not be disturbed on appeal.

3. The showing made in this case reviewed and held insufficient to authorize the setting aside a default judgment.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial District for Bingham County. Hon. J. M. Stevens, Judge.

Plaintiff moved on the affidavit of the president and manager of plaintiff corporation, and the pleadings and files in the action to set aside a default judgment. Motion was denied and plaintiff appealed. *Affirmed.*

Hansbrough & Adamson, for Appellant.

Where the allegations of an answer, pleaded again in the affirmative form, are in effect only a denial of the allegations of the complaint, they do not constitute a cross-complaint. (*Goddard v. Fulton,* 21 Cal. 430; *Shain v. Belvin,* 79 Cal. 262, 21 Pac. 747.)  A cross-complaint is improper and should be disregarded where the same matter is set up in it that is already pleaded in the answer. (*Banning v. Banning,* 80 Cal. 271, 13 Am. St. Rep. 156, 22 Pac. 210; *Akin v. Cassidy,* 105 Ill. 22; *Baker v. Oil Traction Co.,* 7 W. Va. 454; *Harrison v. McCormick,* 69 Cal. 616, 11 Pac. 456.)

Matters which are proper as a defense will not be turned into a counterclaim or cross-complaint merely by a prayer for

affirmative relief.   (*Shain v. Belvin,* 79 Cal. 262, 21 Pac. 747; *Doyle v. Franklin,* 40 Cal. 107.)   There was no new matter set up in either the answer or alleged cross-complaint against plaintiff, and if any new matter was set up in the answer, it is deemed denied by plaintiff.   (Rev. Stats. 1887, sec. 4217.)

If the defendant has a cause of cross-complaint and wishes affirmative relief, his pleadings should show distinctly that it was intended as a cross-complaint; if it commences as follows: "And for a further and separate answer and defense to said action defendant avers by way of cross-complaint," the pleadings will be construed against the pleader and as against him it will be treated as an answer merely.   (*Goldman v. Bashore,* 80 Cal. 146, 22 Pac. 82; *Shain v. Belvin,* 79 Cal. 262, 21 Pac. 747; *Meeker v. Dalton,* 75 Cal. 154, 16 Pac. 764; 5 Ency. of Pl. & Pr. 680.)

A cross-complaint, like a complaint, must in itself state all the requisite facts to entitle the defendant to affirmative relief, and defects in it cannot be cured by the averments of any of the other pleadings.   (*Kreichbaum v. Melton,* 49 Cal. 50; *Collins v. Bartlett,* 44 Cal. 371; *Coulthurst v. Coulthurst,* 58 Cal. 239.)

STOCKSLAGER, C. J.—Plaintiff commenced this action in the district court of Bingham county against C. S. Smith and Nellie J. Smith to foreclose a mortage it had against these defendants.   The complaint alleges that on the twenty-eighth day of February, 1891, defendants Smith executed their promissory note for the sum of $1,000, payable on or before five years after date with interest at the rate of nine per cent per annum payable monthly in advance, to the Western Building and Loan Association, a corporation, under the laws of Idaho. That on the same day defendants executed their mortgage to secure the payment of the note above referred to; that said mortgage was duly acknowledged, delivered to said corporation and filed for record.   That on the tenth day of October, 1894, said Western Building and Loan Association assigned, transferred and delivered all its right, title and interest in and to the note and mortgage to the Western Loan and Sav-

ings Company, which company is now the owner and holder
of said note and mortgage.   That on or about the second day
of January, 1900, an accounting and settlement was had be-
tween plaintiff and C. S. Smith, and there was found to be ·
a balance due on said note of $1,104.80, which said amount
Smith then and there agreed in writing to pay; that no part
of said sum or interest has ever been paid since said date;
that on or about the twenty-first day of August, 1894,
Charles S. and Nellie J. Smith made and delivered to one
Charles Bunting their certain promissory note for $3,241.60,
and to secure the payment thereof executed and delivered to
said Bunting a certain mortgage of same date, duly acknowl-
edged, recorded, etc.   The property described in the mort-
gage is lots 1, 2, 3, 4 and 5, block 52, Danilson & Shilling's
addition to Blackfoot, Idaho, being the same property de-
scribed in the mortgage marked plaintiff's exhibit "A" and
made a part of the complaint.   The ninth allegation of the
complaint is that the said mortgage given to Bunting is sub-·
sequent and inferior to the mortgage given by the defendants,
C. S. Smith and Nellie J. Smith, to the Western Building and
Loan Association.   Then follows an allegation that plaintiff
is informed and believes, and therefore alleges, that the de-
fendant John W. Givens is the assignee of the Bunting note
and mortgage, and claims to have some interest or claim upon
said premises, or some part thereof, by virtue of being the
owner and holder of said mortgage, which is subsequent to the
mortgage of plaintiffs.   Then follows prayer "for the sum of
$1,404.80, with interest from January 2, 1900, at nine per
cent per annum, . . . . that the defendants and all persons
claiming under them subsequent to the execution of the mort-
gage given·by said C. S. Smith and Nellie J. Smith to the
Western Building and Loan Association upon said premises
. . . . may be barred and foreclosed of all rights, claims or
equity of redemption in said premises," etc.   To this com-
plaint a demurrer was filed by counsel for defendant John
W. Givens, to wit:

"1. That the complaint of the plaintiff herein does not
state facts sufficient to constitute a cause of action against

the defendant. 2. That said action is barred by the provisions of section 4052 of the Revised Statutes of Idaho, 1887.'' If the court ever passed upon this demurrer the record fails to disclose the order. On the twenty-fifth day of April, 1905, defendant Givens filed what is termed answer and cross-complaint. In the answer, alleging as a reason that he has not sufficient knowledge, information or belief to answer positively, he denies all the allegations from 1 to 7; admits the seventh allegation which refers to the execution and delivery by the defendants Smith to Charles Bunting of the mortgage described in the complaint. Denies the eighth allegation, which is that the Bunting mortgage is inferior to the one sued on by plaintiff; admits the allegations of the Bunting mortgage with note to defendant Givens, and avers that he is now the lawful owner and holder thereof; that the principal sum has not been paid, and no interest with the exception of $242.45 paid by C. S. Smith to defendant Givens on February 20, 1899, and another payment made on said interest by said Smith on the thirtieth day of April, 1903.

The fourth allegation of the answer is that the defendant is informed and believes, and upon such information and belief alleges, that the plaintiff's action herein is barred by the provisions of section 4052 of the Revised Statutes of Idaho of 1887. And further answering by way of cross-complaint against the plaintiff and each and all of the defendants hereto other than this cross-complaint, the said John Givens alleges as follows, to wit: 1. Sets up the execution and delivery of the note by defendants Smith to Bunting and a copy thereof; 2. The execution and delivery of the mortgage to secure the note; 3. The assignment of the note and mortgage to Givens; 4. The payment of certain interest on the note by C. S. Smith and the amount he claims to be due on the note; 5. That he is the lawful owner and holder and entitled to payment, etc.; 6. That plaintiff has, or claims to have, interest in or claim upon said premises, or some part thereof, as mortgagee or otherwise, and refers to some contract or claim held by Charles A. Warner, deceased, by virtue of a trust deed executed and delivered by defendants Smith to said Warner for the pay-

ment of certain debts, but said interest or claim of said War-
ner is subsequent to and subject to the lien of cross-complain-
ant's mortgage. Seventh only refers to the power of sale
and application of the proceeds in case of default in payment,
etc., and then follows prayer that cross-complainant may
have judgment for $3,241.60, with interest at one per cent
per month from the twenty-first day of August, 1894, and
usual prayer for general relief.

Counsel for plaintiffs demur to this answer and cross-com-
plaint, to wit: "Comes now the plaintiff in the above-entitled
action and demurs to the answer filed by the defendants C.
S. Smith, Nellie J. Smith and John W. Givens, and for
grounds of demurrer allege as follows: That neither of said
answers state facts sufficient to constitute a defense or action
against this plaintiff." If the court ever ruled upon this de-
murrer the record is silent as to the order.

The next step taken as shown by the record was what is
termed "Reply to answer and pretended cross-complaint,"
which was filed July 3, 1905; the first paragraph is: "That
as respects the allegations contained in paragraphs 7 and 9 of
the answer of said defendant Givens, wherein said defendant
alleges ownership of a certain note and mortgage executed by
his codefendants, C. S. Smith and Nellie J. Smith, to C. Bunt-
ing & Co., and alleges that said note and mortgage is superior
to the note and mortgage of the plaintiff; the plaintiff an-
swering upon information and belief that the note and mort-
gage referred to and described in said paragraph is barred by
the provisions of section 4052 of the Revised Statutes of Idaho
for 1887, and that the defendant's alleged cause of action
thereon, as against this plaintiff, is barred by the provisions of
section 4052 of the Revised Statutes of Idaho for 1887." The
plaintiff denies that the plaintiff's action is barred by the
provisions of section 4052 of the Revised Statutes of Idaho
for 1887. And further replying to the said answer and pre-
tended cross-complaint of the said defendant, the plaintiff
admits and alleges as follows:

"1. Plaintiff has no knowledge, information or belief
sufficient to enable it to reply to the allegations of paragraph

2 of said pretended cross-complaint positively, and basing its denial upon that ground, it denies each and all of the allegations contained in the said second paragraph, except as such allegations are admitted by the allegations of the complaint herein.'' Paragraphs 3, 4, 5 and 7 are denied on the same grounds for the same reasons and practically in the same language as is used in the denial of paragraphs 1 and 2.

Respecting the sixth paragraph in the cross-complaint, plaintiff says: ''Respecting the allegations of the sixth paragraph of the said pretended cross-complaint, the plaintiff admits that it claims to have some interest in, or claim upon, said premises described in the said pretended cross-complaint as mortgagee; but denies that said interest and claim is inferior to, or subject to, the lien of the said cross-complainant's mortgage, but alleges that it is superior to the cross-complainant's mortgage, and further alleges that the said claim and interest of the plaintiff is described and set forth in the plaintiff's complaint herein, which is hereby referred to and made a part of this reply. That as regards the other matters and things alleged in said paragraph, the plaintiff has no knowledge, information or belief concerning them, and basing its denial upon that ground, denies each and all of the other allegations in said paragraph contained.''

The eighth is: ''Plaintiff alleges upon information and belief that the said pretended cause of action alleged by the cross-complainant against his said codefendants, C. S. Smith and Nellie J. Smith, and particularly as against the said plaintiff, is barred by the provisions of section 4052 of the Revised Statutes of Idaho for 1887.''

On the eighth day of May, 1905, the clerk made the following entry: ''In this action, the plaintiff having been served with copy of the cross-complaint of defendant John W. Givens, and having failed to answer or demur to said cross-complaint, and the legal time for answer having expired, the default of the plaintiff in the premises is hereby entered according to law.''

On the ninth day of June, 1905, a judgment was rendered in favor of cross-complainant, John W. Givens, for amount

prayed for in his cross-complaint, ordering the property described in the complaint to be sold by the sheriff of Bingham County, and the proceeds arising therefrom to be applied on the judgment of defendant Givens, and further adjudging the claim of plaintiff barred by the statute of limitations as to the claim of cross-complainant Givens. On the same day the judgment was filed with the clerk of the court. Counsel for plaintiff moved to set aside the default entered by the clerk, and to vacate and set aside the judgment of the court entered thereunder: I. "That the purported · cross-complaint is not actually or in effect a cross-complaint as against plaintiff in the following particulars, to wit: a. That there is no demand or cause of action existing or shown to exist as appears from the alleged cross-complaint in favor of the said J. W. Givens and against the said Western Loan and Savings Company; b. That the matters and things alleged in the said pretended cross-complaint as against this plaintiff constitute merely a denial of the allegations contained in the plaintiff's complaint, and as such amount merely to an answer to the complaint, and to such answer the plaintiff has ·made an appearance by demurrer; c. That as respects the said plaintiff, the only claim made in the said pretended cross-complaint is that the mortgage of said Givens is superior to the mortgage of the plaintiff; and that this contention is made with equal force in the answer of said Givens to the complaint, and that this question is the sole issue between the plaintiff and the said J. W. Givens, and the plaintiff is nowhere in default upon said issue, but denied under oath in its complaint; that said Givens holds a superior lien to the plaintiff's lien, and has alleged under oath therein that its lien is superior; and the said Givens in his answer has denied said allegations of the complaint, and the said allegations substantially bring the parties to issue upon that point; d. That, said pretended cross-complaint states no grounds for affirmative relief against the said plaintiff upon which judgment against the plaintiff could be based, and the said cross-complaint does not pray for any relief against the said plaintiff, and is not entitled to any relief against the said plaintiff either upon default of the plaintiff or otherwise.

"II.  That the said Givens was not legally entitled to enter the default of the plaintiff on the said cross-complaint for the following reasons: a. That the said pretended cross-complaint is contained in an instrument entitled, 'Answer and Cross-complaint' and is therein set up by way of and as part of the answer as is shown by its first paragraph, and the said plaintiff has duly appeared and plead to said answer by filing a demurrer thereto; b. That the plaintiff appeared in said action by filing the original complaint and by filing a demurrer to the answer of said Givens, notwithstanding which the default of the plaintiff was entered by the clerk without giving the plaintiff any notice as required by law.

"III.  That if said pretended cross-complaint is a valid and subsisting cross-complaint against the plaintiff, the plaintiff's failure to demur or answer to the same by express reference, is due to mistake, accident, surprise, inadvertence and excusable neglect, as follows, to wit: That as shown by the complaint the plaintiff holds the first and superior lien upon the premises described therein, and that the mortgage of J. W. Givens is inferior to that of plaintiff.  That it was to determine this point only that said J. W. Givens was made a party to this action.  That the answer and pretended cross-complaint of said Givens alleges no facts which controvert this contention of plaintiff and that it never was, and is not now, the intention of plaintiff to abandon this contention. That when the answer and cross-complaint of said Givens was served upon plaintiff's attorney, H. K. Linger, the said attorney, through mistake and accident, overlooked the fact that that cross-complaint was directed against the plaintiff.  He supposed that the answer was directed against the plaintiff, and that the cross-complaint was directed against the defendants only, C. S. Smith and Nellie J. Smith.  That on this account the plaintiff, through its attorney, interposed a pleading, to wit, a demurrer to the answer only, but intended by the said pleading to demur to all matters alleged by the said J. W. Givens against the plaintiff in the said answer and cross-complaint.

"IV. That the said plaintiff has a substantial defense upon the merits to any claim made by the said defendant, J. W. Givens, in the said cross-complaint."

This motion is supported by the affidavit of P. W. Madson, president and manager of plaintiff corporation after stating that the plaintiff is the owner and holder of the note described in the complaint; that it is the first lien on the premises described in plaintiff's mortgage, and superior to the lien of defendant Given's mortgage set up in his cross-complaint, and as a reason why the default of plaintiff should be vacated and the judgment entered in favor of Givens vacated, says: "That the attorneys in the above-entitled action were C. S. Price of Salt Lake and H. K. Linger of Idaho Falls, Idaho. That the answer and cross-complaint of the defendant J. W. Givens was served upon H. K. Linger, who mailed the same to C. S. Price of Salt Lake City. That said C. S. Price directed H. K. Linger to file a demurrer to the said answer. That the said H. K. Linger, upon receipt of said letter, drafted a demurrer to the said answer and filed the same. That at said time he was under the impression that he was pleading to the whole of the pleadings filed by J. W. Givens. That he did not have the answer and cross-complaint before him at the time, and his recollection was that simply an answer was filed as to the said plaintiff, and for that reason his demurrer ran to the answer simply. That it was the proposed intention of said Price and said Linger and the said plaintiff to demur to both the answer and to said cross-complaint, and that it was by reason of the foregoing accident and mistake that the cross-complaint was not expressly mentioned in said demurrer."

In the order overruling this motion it was shown that H. K. Linger, G. H. Hansbrough and James Ingebretsen appeared for the plaintiff in the argument of the motion. On the first day of July, 1905, the motion was overruled. This is practically a complete record of this case, and is given in order that the facts just as they were before the trial court may be understood.

The application to vacate and set aside the default entered by the clerk and also the judgment entered thereafter was

within the sound, legal discretion of the trial court, and unless it is shown that there has been an unwarranted exercise of that discretion, this court will not disturb the order and judgment. It must be borne in mind that the trial court has so many opportunities in the proceedings in the lower court to know and understand the real situation of each case there pending. We know nothing of the conditions only as they may be made to appear upon paper, and many things transpire which furnish the lower court light that cannot be brought to our attention. It is for this reason that the trial courts have been given large discretionary power over the proceedings in those courts, and is the foundation for the almost, if not quite, universal rule that appellate courts will not interfere with the discretionary orders governing the proceedings and conduct of the business of the lower courts. It is urged by learned counsel for appellant that there is apparent from the record a clear abuse of discretion in refusing to vacate the order of the clerk in entering the default of plaintiff, and in ordering judgment for cross-complainant Givens for the amount found due on his note and mortgage as shown by his answer and cross-complaint. It is shown by the complaint that plaintiff recognized that Givens had, or pretended to have, some kind of a claim adverse to plaintiff's interest in the property in controversy, otherwise it would not have made him a defendant, and thereby required him to come in and set out by proper pleadings whatever claim he might have. After such service on Givens it was necessary for him to plead his claim in this action or his right would be barred by the statute. He could not do so by answer, neither could he plead by counterclaim. He could only deny the superiority of plaintiff's claim by answer and plead priority of his by cross-complaint. The statute of this state makes a distinction between a counterclaim and a cross-complaint. If plaintiff had commenced its action against Givens, alleging that he was indebted to it in a given amount of money due on a note and mortgage, he might meet the issue by answer alone, or if he desired to show that in the settlement

of their differences there' was money due him not shown
by the complaint, then he could show that fact by counter-
claim. If, as in the case at bar, Givens does not claim any-
thing from the plaintiff, but does claim that the same
property plaintiff is attempting to subject to its mortgage
is subject to a prior lien by mortgage of which he is the as-
signee, then he must answer denying the superiority of plain-
tiff's lien and set his out by way of cross-complaint. This
being the law in this state, *Allen v. Breusing*, 32 Ill. 505,
*Parker v. Cochrane*, 11 Colo. 363, 18 Pac. 209, *Rood v. Taft*, 94
Wis. 380, 69 N. W. 183, *Gunn v. Madigon*, 28 Wis. 158, *Aqua
Pura Co. v. Mayor*, 10 N. Mex. 6, 60 Pac. 208, 50 L. R. A. 224, do
not apply, as they all deal with counterclaims, and correctly
state the law as we understand applicable to counterclaims in
the states referred to, and would be good authority in this state
were we dealing with a counterclaim. For a further discussion
of cross-complaint and counterclaim, see *Hunter v. Porter*,
10 Idaho, 72, 86, 77 Pac. 434. It is urged that the cross-com-
plaint does not set out facts entitling Givens to affirmative
relief, and that there was no prayer for specific relief. We
cannot agree with this contention. It stated the facts leading
up to the assignment of the note and mortgage to cross-
complainant; that it is a superior lien to that of plaintiff
as shown by the complaint; and the answer puts in issue
the bar of the statute of limitations. The prayer is specific
as to amount, and asks that he may have such "other and
further relief in the premises as to this court may seem
meet and agreeable to equity." We think the cross-complaint
fully apprised the plaintiff that Givens was seeking thereby
to contest the superiority of his lien over that of the plain-
tiff, and that it became the duty of appellant to meet the
issue by an answer to this cross-complaint. We also think
the prayer of the cross-complaint was sufficient to authorize
the court in rendering the judgment as shown by the record,
unless the adjudication as shown by the judgment that the
action of plaintiff was barred by the statute of limitations
as to the claim of cross-complainant was unauthorized by

the pleadings as they stood at the time of the rendition of the judgment.

Again, as to the discretion of the court, or its abuse thereof, as shown by the record, there is but one affidavit filed in support of the motion to set aside the default and judgment. Mr. P. W. Madson, the president and manager of plaintiff corporation, attempts to enlighten the court upon the course pursued by his counsel, Mr. Price of Salt Lake and Mr. Linger of Idaho Falls, when they received the answer and cross-complaint filed by cross-complainant Givens. It is urged that from this affidavit, together with the facts shown by the record, the court should have granted the motion of appellant and relieved it of the default entered by the clerk and the judgment on such default. We are of the opinion there is enough stated in the motion, if supported by sufficient affidavits or some good reason shown why they could not be procured, to have warranted this court in saying that a refusal to grant relief would have been an abuse of legal discretion. There is no showing why the affidavit of Attorney Price of Salt Lake and Mr. Linger of Idaho Falls were not filed in support of this motion; they were the parties of all others who could have enlightened the court upon the reasons why the demurrer did not run against the cross-complaint as well as the answer, and if there was any reasonable excuse for such inadvertence, mistake or neglect, they could have so stated in an affidavit. If such showing had been made it is possible, and even probable, that the learned judge of the lower court would have granted the relief demanded by the motion. It was shown by the judgment or order overruling the motion that Mr. Linger was present and participated in the argument of the motion. We cannot understand why Mr. Linger did not supply the record with his affidavit stating the facts as stated in the affidavit of the president of plaintiff. He certainly knew the real facts so far as he is connected with them in the affidavit filed by Mr. Madson better than anyone else, and hence was better prepared to convince the court by his affidavit that plaintiff was entitled to relief on the grounds of mis-

take, inadvertence, surprise and excusable neglect on his part or on the part of his associate, Mr. Price, than anyone else. He might have supported his affidavit by one from Mr. Price. If either or both of their affidavits had been filed, it would perhaps have had more weight in the lower court and certainly in this court, than the affidavit upon which appellant relies.

This court in a very recent case entitled *D. Holzeman & Co. et al. v. Wm. Henneberry*, 11 Idaho, 428, 83 Pac. 497, discussed the discretion of the trial court in setting aside or refusing to set aside a default judgment. Mr. Justice Ailshie said:

"It is a well-established principle that the granting or refusing an order of this kind rests in the sound legal discretion of the court to which the application is made, and that unless it appears that such discretion has been abused, the order will not be disturbed on appeal"; citing *Bailey v. Taaffe*, 29 Cal. 422, note in 58 Am. Dec. 392; *Holland Bank v. Lieuallen*, 6 Idaho, 127, 53 Pac. 398.

As to the merits of the respective parties to this action, we express no opinion as plaintiff is entitled to a hearing on his complaint, and the answer filed by cross-complainant Givens. Neither do we express an opinion as to the bar of the statute of limitations which each of the contesting parties seeks to invoke against the other. We find no error in the record and the judgment is affirmed. Costs to respondent.

Ailshie, J., and Sullivan, J., concur.

### ON PETITION FOR REHEARING.

(May 26, 1906.)

SULLIVAN, J.—A petition for rehearing has been filed in this case, and one point of contention therein is that there was no cross-complaint filed in the case. We are unable to agree with their contention. The answer is entitled, "Answer and Cross-complaint." While the answer and cross-complaint is contained in one instrument, we find the following in the tenth paragraph of the complaint; "And further

answering by way of cross-complaint against the plaintiff and each and all of the defendants hereto, the said John W. Givens alleges as follows, to wit.'' Then follows a statement of a cause of action arising on a promissory note given by the other defendants, Smith and wife, for the sum of $3,241.60, and secured by mortgage on at least a part of the real estate described in the complaint; and said defendant Givens in said cross-complaint prays for judgment against the defendants Smith and wife for said sum and the foreclosure of his mortgage, and that the defendants and all persons claiming under them or either of them may be barred and foreclosed of all rights or equity of redemption in said premises or any part thereof.

While it may not be a good practice to embody in the same instrument an answer and a cross-complaint, we know of no provision of the statute prohibiting that method of pleading, and it is clear to us that a cross-complaint is pleaded in this action which was not answered.

The next contention of counsel in the petition for a rehearing is that the judgment could not be sustained for the reason that it was not properly entered, in that it was not a judgment rendered during the trial of the main cause, but a separate and distinct judgment rendered after the default of the plaintiff had been entered for not answering the cross-complaint. While it might have been better to have entered a judgment covering the entire case made by the complaint, answer and cross-complaint, we know of no reason why a defendant who files a cross-complaint and asks therein distinct and separate relief should not be entitled to a judgment in his favor on cross-complaint, provided the plaintiff fails to answer the cross-complaint. The plaintiff no doubt has a right to have a judgment entered in the main action, and the trial court has the authority to enter such judgment as may be right in the premises.

For the reasons above stated, a rehearing is denied.

Stockslager, C. J., and Ailshie, J., concur.