# Tenn. Coal, Iron & R. R. Co. v. Tutwiler.

*Action of Ejectment.*

1. *Ejectment; title to sustain.*—A plaintiff who at no time has had actual possession of the lands sued for must rely alone upon the legal title thereto.

[Tenn. Coal, Iron & R. R. Co. v. Tutwiler.]

2   *Same; evidence; patent.*—Presumptively, a patent vests the legal title in the parties to whom it is issued, and *prima facie*, the court will presume that all the preliminary requirements for its issuance have been complied with.

3.   *Same.*—A settler upon public lands acquires a vested right thereto only when he has complied with all the preliminary acts required by law, and which includes payment of the purchase-money.

APPEAL from Birmingham City Court.

Tried before Hon. H. A. SHARPE. *

This was a common-law action of ejectment, brought by the appellant against the appellee. The defendant interposed a plea of the general issue, and also a special plea of adverse possession of ten years. Both parties claim through one Wiley B. Godfrey. The proof showed that in 1879 Godfrey filed a pre-emption claim for the lands in controversy, paying the preliminary fee. In February, 1881, he made sworn proof to show that he had complied with the requirements of law in reference to his claim, but did not make the final payment, or receive a patent. In May following, he conveyed the land by warranty deed to Thomas Peters, through whom by *mesne* conveyances, the plaintiff claimed. Godfrey died about twelve days after executing the deed to Peters. In November, 1881, his widow made affidavit of his death, and in July, 1883, the final payment was made and receipt given reciting payment by Wiley B. Godfrey, and a certificate issued declaring him entitled to a patent, and endorsed ''Issue patent in name of heirs of Wiley B. Godfrey under pre-emption act D. S. 121.'' In 1889 a patent was issued to "the heirs of Wiley B. Godfrey.'' The defendant claimed by deed of October 5th, 1889, executed by all the heirs of Godfrey. Neither Peters, nor any one claiming under him had been in actual possession of the land.

The case was tried below by the court without the intervention of a jury, and judgment rendered for the defendant, from which the plaintiff appealed.

WALKER PERCY, for appellant, cited *Shotwell v. Harrison*, 22 Mich. 411; 15 Ill. 132; 50 Mich. 463; *Myers v. Craft*, 13 Wall. 291.

GARRETT & UNDERWOOD, *contra.*—1. Having never been in possession, plaintiff must rely on legal title.

3 Br. Dig. 324-5; *Olive v. Adams*, 50 Ala. 373; *Kelly v. Hendrix*, 57 Ala. 193; *Harrison v. Parmer*, 76 Ala. 157; *Baucum v. George*, 65 Ala. 259. 2. A pre-emptor dying before perfecting his entry, this can be done only by his heirs.—Rev. Stat. U. S., sec. 2269; 19 Am. & Eng. Enc. L. 322; 59 Cal. 117. 3. The patent vested a *prima facie* title in defandant's grantors.—3 Port. 368-373-4; 9 Cranch, 98; 18 How. 87; 35 Ala. 117; 16 Otto, 147; 36 Ala. 189; 13 Wall. 92.

COLEMAN, J.—The action is common-law ejectment by the appellant, to recover the lands described in the complaint. The plaintiff at no time held the actual possession of the lands. It must, therefore, recover upon the strength of its legal title. The material question presented by the abstract of the case, is whether the title vested in the grantors of the defendant, by virtue of the patent of the United States, issued to them, enured to the grantee of their ancestor by virtue of his covenants of warranty and deed of conveyance, executed before the issuance of the patent, through whom the plaintiff claims title. The plaintiff and defendant claim through the same patent. Neither party can impeach its validity.

Presumptively the patent vested the legal title in the parties to whom it was issued, and *prima facie*, all the preliminary requirements to its granting had been complied with.—*Minter & Saltmarsh v. Crommelin*, 18 How. 87; *Smelting Co. v. Kemp*, 104 U. S. 363.

If upon any state of facts the law authorized the issue of the patent to the heirs of Wiley B. Godfrey, upon collateral attack, the law will presume the existence of these facts. Section 2269 of the revised statutes of the United States of 1869 reads as follows: "Where a party entitled to claim the benefits of the pre-emption laws, dies before consummation of his claim by filing, in due time, all the papers essential to the establishment of the same, it shall be competent for the executor or administrator of the estate of such party or one of the heirs, to file the necessary papers to complete the same, but the entry in such cases, shall be made in favor of the heirs of the deceased pre-emptor, and a patent thereon shall cause the title to enure to such heirs, as if their names had been specially mentioned."

[Pugh, Stone & Co. v. Harwell & Clark.]

The evidence shows without controversy, that Wiley B. Godfrey pre-empted the land and made final proof before his death, that he executed the deed to plaintiff's grantor after final proof, but the first certificate of entry which was issued to him did not issue until after his death, and that subsequently the certificate of entry was filed by his heirs and the patent issued to his heirs. It is contended by plaintiff that Wiley B. Godfrey had acquired a vested interest in the land before his death, that nothing remained for him to do to entitle him to the certificate of entry, and the patent. The general principle is, that the settler acquires a vested right only when he has complied with all the preliminary acts required by the laws, and which includes payment of the purchase-money.—*Frisbie v. Whitney*, 9 Wall. (U. S.) 187; *Yosemite Valley Co. case*, 15 Wall. 77; *Buxton v. Trover*, 130 U. S. 234. Until all the prerequisites have been complied with, no interest becomes vested, assertable against the United States, or descendible to the heirs of the pre-emptor. If the patent in the case at bar had issued in the name of Wiley B. Godfrey, as provided in section 2448 of the Revised Code of the United States, *prima facie*, we would hold, that all prerequisites had been complied with by the pre-emptor before his death. Where the patent issued under section 2269, *supra*, *prima facie* the pre-emptor died before the consummation of his claim, and that his executor, or some one of his heirs, filed the necessary papers to complete the same. The title of the heirs must prevail in a court of law. If the plaintiff's equities are superior to the legal title of the defendants, these equities must be asserted in a court of competent jurisdiction. There is no error in the record.

Affirmed.