(December 2, 1899.)

## TWIN SPRINGS PLACER COMPANY v. UPPER BOISE HYDRAULIC MINING COMPANY.

[59 Pac. 535.]

New Trial—Cumulative Evidence.—When newly discovered evidence tends to establish a new or independent fact not testified to at the trial, although its effect be to establish a position sought to be established at such trial, such newly discovered evidence is not cumulative within the meaning of the rule prohibiting the granting of a new trial upon newly discovered cumulative evidence.

Same—Judicial Discretion.—The granting of a new trial is a matter largely within the discretion of the trial court, and an order granting a new trial will not be reversed unless there has been a clear abuse of such discretion in granting it.

(Syllabus by the court.)

APPEAL from District Court, Elmore County.

Heyburn, Price, Heyburn & Doherty and S. L. Tipton, for Appellant.

To support a motion for a new trial upon the ground of newly discovered evidence, the affidavits filed in support of the motion must show that the evidence is "newly discovered," and that it could not, with reasonable diligence, have been produced at the trial; that such evidence is not cumulative merely; that it is not merely impeaching in character; that reasonable diligence was used in preparing for the trial; and the "newly discovered evidence" must be such as to render a different result probable on retrial. (*Turner v. Morrison*, 11 Cal. 21; *Schellhouse v. Ball*, 29 Cal. 608; *Ferrer v. Home Mut. Ins. Co.*, 47 Cal. 430; *Heath v. Scott*, 65 Cal. 548, 4 Pac. 557, and authorities there cited; *Outcalt v. Johnston*, 9 Colo. App. 519, 49 Pac. 1058; Hayne on New Trial and Appeal, sec. 92; *Pincus v. Puget Sound Brewing Co.*, 18 Wash. 108, 50 Pac. 930; *Harralson v. Barrett*, 99 Cal. 607, 34 Pac. 342; *People v. McCurdy*, 68 Cal. 576, 10 Pac. 207; *Chapin v. Goodell*, 2 Colo. 608.) Evidence which merely multiplies witnesses to any one or more of those facts before investigated, or only adds other circumstances of the same general character, is cumulative, and not ground for a new trial. (Hayne on New Trial and Appeal, sec. 90; *Knuffke v. Knuffe*, 8 Kan. App. 857, 56 Pac. 326; *Marshall v. Mathers*, 103 Ind. 458, 3 N. E. 121; *Klopenstine v. Hays*, 20 Utah, 45, 57 Pac. 712; *Alabama Midland Ry. Co. v. Johnson*, 123 Ala. 197, 26 South. 160.)

W. H. De Witt, Wood & Wilson, W. C. Howie and W. E. Borah, for Respondent.

We might content ourselves in the first instance by resting this appeal upon the well-established rule, so often indorsed by this court, which is to the effect that a motion for a new trial on the ground of the insufficiency of the evidence to justify the decision of the court and newly discovered evidence, is addressed to the sound legal discretion of the court below, and that on an appeal from an order granting a new trial, the appellate court will not reverse the order, unless it appear that there has been a manifest abuse of discretion. It is exceedingly seldom that an appellate court will disturb the action of the lower court, when such court has manifested its dissatisfaction with its own

decision by granting a new trial. It is presumed that the court has become dissatisfied with the fairness of the trial or the justice of its decision, and an appellate court will not disturb its ruling. (*Pico v. Cohn,* 67 Cal. 258, 7 Pac. 680; *Pac. Rolling M. Co. v. Telegraph Co.,* 79 Cal. 340, 21 Pac. 840; *Breckenridge v. Croker,* 68 Cal. 403, 9 Pac. 426; *Phelps v. Mining Co.,* 39 Cal. 410; *Pierce v. Schaden,* 55 Cal. 406; *Brossard v. Morgan,* ante, p. 479, 56 Pac. 163.) Casual examination of the record of this case will show that this newly discovered evidence is not cumulative. The test is, Does the newly discovered evidence go to a different point in the establishing of the ultimate proposition? (*Kenezleber v. Wahl,* 92 Cal. 202, 28 Pac. 225.) The fact that the testimony may tend to prove the same issue upon which proof was offered on the trial is not enough to make it cumulative, and whether or not it is cumulative is to be determined from its kind and character rather than from its effect. (*Winfield etc. Assn. v. McMullen,* 59 Kan. 493, 53 Pac. 481; 1 Greenleaf on Evidence, sec. 2; *Flannigan v. Newberg,* 1 Idaho, 78.) The court might have very properly granted a new trial, solely on the ground that the evidence was insufficient to warrant the decision, in that no discovery of mineral was proven as to the Hot Springs claim. There was no evidence whatever tending to prove a discovery and this was necessary. (Lindley on Mines, sec. 437; *Reins v. Murray,* 22 Land Dec. 409.)

QUARLES, J.—The appellant commenced this action in the court below to recover certain placer mining claims. After issue joined, the cause went to trial before the court, both parties having waived a trial by jury, and findings and judgment were made and rendered in favor of the appellant. Thereafter the respondent moved for a new trial upon divers grounds, one of which is that respondent has, since the trial, newly discovered evidence material to its defense, which it could not with reasonable diligence have discovered and produced at the trial. The trial judge, after considering the application and numerous affidavits presented on the motion, granted the motion for a new trial. From the order granting a new trial, the plaintiff appealed.

690 Twin Springs Co. *v.* Upper Boise etc. Min. Co. [6 Idaho,.

Opinion of the Court—Quarles, J.

The principal fact to which the evidence was directed on the trial was whether or not the annual labor required by act of Congress to be performed annually upon unpatented mining claims had been performed upon the Eureka Bar and Hot. Springs claims for the year of 1896. To prove such annual labor, the plaintiff only introduced one witness—C. H. Blazer, who testified that he and his sixteen year old son worked thirteen days each on the Eureka Bar in 1896; that they worked fourteen days each on the Hot Springs claim in 1896; that a day's work was worth four dollars at that time. Said witness also stated that he did not know what the regular wages of miners were at that time and in that locality. This witness also stated that he lived at Nampa, in Canyon county; that the said claims were situated in Elmore county; that they arrived at the claims on September 28, 1896; that they commenced work on the 28th of September, 1896, on the Eureka Bar, and quit work on that claim about October 12th or 13th; that they commenced work on the Hot Springs claim about October 14th,. and left for Nampa about November 1st, arriving at Nampa a day or two before the election, it taking about three days to go each way. The evidence of this witness is practically all of the evidence to establish the value of the labor performed upon the said claims in the year of 1896. The defendant, to overcome the evidence of said witness Blazer, introduced a duly certified copy of an affidavit made by said witness in November,. 1896, and recorded in the county recorder's office in and for said Elmore county, in words as follows:

"State of Idaho, } ss.
County of Canyon. }

"Before me, the subscribed, personally appeared Charles H.. Blazer, who, being first duly sworn, says that at least nine dollars' worth of work or improvements were performed or made upon Eureka Bar placer claim, situated in ———— mining district, county of Elmore, state of Idaho; that such expenditure was made at the expense of Charles H. Blazer and C. E.. Higgins, owners of said claim.

(Signature)      "C. H. BLAZER..

"Subscribed and sworn to before me, this —— day of November, 1896.

(Signed)     "HOWARD E. KING.

"[Notary Seal]                   "Notary Public."

The defendant introduced one A. G. Frazier, who testified that C. H. Blazer arrived at the claims about the 12th or 15th of October; that he saw Blazer there at that time, and that Blazer told him that he came in the night before. E. W. Bassett testified that he was on the claims about the middle of October, 1896, knew the claims, and that no new work had then been done; that the work that had been done was done the year before; that the wages of miners in 1896, in the locality of these claims, was one dollar and fifty cents per day and board. Capt. Huckins testified on behalf of the defendant that Blazer went on the claims about the middle of October, 1896, and left there the latter part of October, 1896. Other witnesses testified in behalf of defendant to the effect that the wages of miners in the locality in 1896 range from one dollars and fifty cents to two dollars and fifty cents per day.

The newly discovered evidence relied upon for a new trial was presented to the trial judge by affidavits made by divers persons, who deposed to facts all tending to show that the evidence of C. H. Blazer before the court on the trial was untrue. The appellant contends that the trial judge erred in granting a new trial, for the reason that the alleged newly discovered evidence is impeaching in character, and merely cumulative to that introduced by respondent at the trial. This contention is largely, but not entirely, correct. Respondent shows that he can prove facts not testified to by any witness at the trial— some of which show that the witness C. H. Blazer was in Nampa on October 2, 1896, and bought a bill of lumber there on that day; some showing that he was in Nampa as late as October 4, 1896; some showing that he borrowed a gun from the house of his mother in law about October 8, 1896, which he took with him to the said mining claims; and other facts which, if not overcome, would show that said witness and his son did not perform, and could not have performed, the work upon said claims as testified to by him. We think that the re-

spondent made sufficient showing to justify the granting of a new trial. That portion of the newly discovered evidence tending to establish facts not testified to at the trial was not cumulative. In 14 Encyclopedia of Pleading and Practice, 815-817, it is correctly said: "Although evidence is additional to other evidence tending to prove the same position, yet it is not cumulative if it is of a different character, tending to establish the same general result by proof of a new and distinct fact." The granting of a new trial is largely a matter of discretion in the trial court. An appellate court should not reverse an order granting a new trial except in case of a clear abuse of discretion. We have carefully examined the record before us, and do not think that the trial judge abused the discretion vested in him in making the order granting a new trial; wherefore the order appealed from is affirmed. Costs awarded to respondent.

Huston, C. J., and Sullivan, J., concur.