(May 21, 1909.)

## COUNCIL IMPROVEMENT COMPANY, a Corporation, Respondent, v. JOHN W. DRAPER, Appellant.

[102 Pac. 7.]

ORDER VACATING JUDGMENT—DISCRETION OF COURT—DILIGENCE IN MAK-
ING APPLICATION—SUFFICIENCY OF EVIDENCE TO CHANGE JUDGMENT
—RIGHTS OF HEIRS OF DECEASED IN UNPATENTED HOMESTEAD.

1. Where a plaintiff commences his action in ejectment to quiet title to a tract of land, alleging that he has been in possession of the same for a great number of years, and thereafter, when the case is called for trial, enters into a stipulation of facts upon which he claims his title and right of possession rests, and the case is held under advisement for a period of six months, and judgment is entered against him, and more than two months after the entry of judgment he applies to the court for an order vacating the same on the ground that he has discovered other and additional facts on which he could more successfully wage his action, and claims that the newly discovered facts consist chiefly in unrecorded deeds more than twenty years old, which are not produced in evidence, and where no fraud is shown on the part of his adversary: *Held,* that he has not proceeded with due diligence in the prosecution of his action, in gathering his evidence or in preparing his case, and that he has not been taken by surprise, and that his inadvertence, mistake or negligence is inexcusable, and that the judgment should not be vacated or set aside.

2. A litigant moving for relief under sec. 4229, Rev. Codes, on the grounds of mistake, inadvertence, surprise or excusable neglect, must show that he has acted in good faith, and exercised due diligence in the prosecution and protection of his rights, such as an ordinarily prudent man would exercise under similar conditions.

3. Where a party moves to vacate a judgment entered against him, in addition to showing that he has been taken by surprise, or that his inadvertence or neglect is excusable, he must also show that the judgment against him is probably erroneous, and that if he was permitted to properly present his case, he would likely be able to secure a judgment more favorable to his interests.

4. Where the heirs of a deceased homestead entryman make final proof on the lands originally entered by the decedent, and procure title from the government whereby the land is conveyed "unto the heirs of" the decedent, the title vests directly in the parties who are the legal heirs of the deceased, and does not inure

to the benefit of the estate of the deceased, and the probate court has no jurisdiction over such property and no power or authority to order a sale of such real estate, and the administrator of the estate of the deceased entryman has no power or authority to convey any title to such property.

5. A relinquishment by an heir of the estate of a deceased person or of his right, interest and claim in and to the estate of the deceased, does not devest such heir of his title or interest in and to a homestead that has been patented to the heirs of the deceased, subsequent to the death of the original entryman.

6. Where a case was originally heard by the trial court on an agreed statement of facts, and no oral evidence was introduced, and judgment was thereupon entered and a motion was subsequently made on affidavits to vacate and set aside the judgment, and no oral evidence was introduced, the appellate court will examine the record as though the matter had never been heard or examined by the trial court, and will exercise its discretion in the matter, the same as a trial court is authorized to do in such matters.

(Syllabus by the court.)

APPEAL from the District Court of the Seventh Judicial District, for the County of Washington. Hon. Ed. L. Bryan, Judge.

Action by plaintiff in ejectment and to quiet its title to certain real estate. Judgment for defendant and plaintiff moved to vacate and set aside the judgment. Motion granted and judgment vacated and set aside, and a new trial granted. *Reversed.*

Ezra R. Whitla, for Appellant.

No proceedings by an administrator can pass title to land which has not been proved up on. (Sec. 2296, U. S. Rev. Stat.; *Chapman v. Price,* 32 Kan. 446, 4 Pac. 807; *Baldwin v. Boyd,* 18 Neb. 444, 25 N. W. 580; *Jean v. Dee,* 5 Wash. 580, 32 Pac. 460; *Towner v. Rodegeb,* 33 Wash. 153, 99 Am. St. 936, 74 Pac. 50; *Dawson v. Mayall,* 45 Minn. 408, 48 N. W. 12; *Rogers v. Clemmans,* 26 Kan. 522; *Wittenbroch v. Wheadon,* 128 Cal. 150, 79 Am. St. 32, 60 Pac. 664; *Gjerstadengen v. Van Duzen,* 7 N. D. 612, 66 Am. St. 679, 76 N. W. 233; *Hall v. Russell,* 101 U. S. 503, 25 L. ed. 829; *De Mars v. Hickey,* 13 Wyo. 371, 80 Pac. 521.)

The neglect of an attorney to plead a proper and valid defense, whereby a judgment is erroneously obtained against the client, furnishes no ground for relief against the judgment. (*Donovan v. Miller,* 12 Ida. 600, 88 Pac. 82, 9 L. R. A., N. S., 524.)

An agreement of counsel in reference to proceedings in a cause will not be set aside on petition by reason of mistake, when the only evidence adduced in support of the petition is the affidavit of the moving party, based on hearsay, and the facts therein alleged are denied by the affidavit of the adverse party from personal knowledge. (*Charles v. Miller,* 36 Ala. 141; *Johnson v. Wright,* 19 Ga. 509; *Van Horn v. B. C. & N. Ry. Co.,* 69 Iowa, 239, 28 N. W. 541; *Con. Steel & Wire Co. v. Burnham,* 8 Okl. 514, 58 Pac. 654.) If there had been any mistake, neglect or surprise, the plaintiff is now barred by its own laches from any relief in this action. (*McMurran v. Meek,* 47 Minn. 245, 49 N. W. 983; 23 Cyc. 909; *Clark v. Parry,* 17 Colo. 56, 28 Pac. 329; *Knauber v. Watson,* 50 Kan. 702, 32 Pac. 349; *Coast Land Co. v. Oregon Pac. Col. Co.,* 44 Or. 483, 75 Pac. 884; *Ellis v. Bonner,* 7 Tex. Civ. App. 539, 27 S. W. 687; *McClymond v. Hoble,* 84 Minn. 329, 87 Am. St. 354, 87 N. W. 838.)

The law gives a court a right to vacate a judgment only where it has been entered against a party through his mistake, inadvertence, surprise or excusable neglect, and it is necessary for a party moving to vacate a judgment to show that the same occurred through mistake, inadvertence or excusable neglect. (*Beck v. Lavin,* 15 Ida. 363, 97 Pac. 1028; *Holzeman & Co. v. Henneberry,* 11 Ida. 428, 83 Pac. 499; *Western Loan Co. etc. v. Smith,* 12 Ida. 94, 85 Pac. 1084.)

L. L. Burtenshaw, and Richards & Haga, for Respondent.

The determination of the trial court in the exercise of its discretion will not be disturbed on appeal unless there is an abuse of such discretion. (*Holland Bank v. Lieuallen,* 6 Ida. 127, 53 Pac. 398.) And before it will be disturbed it must affirmatively appear that such court erred. (*Hastings v. Cunningham,* 35 Cal. 550; *Holland Bank v. Lieuallen,*

*supra; Twin Spgs. Placer Co. v. Upper Boise H. Co.,* 6 Ida.
687, 59 Pac. 535; *Holzeman v. Henneberry,* 111 Ida. 428, 83
Pac. 497; *Bailey v. Taaffe,* 29 Cal. 422; *Western Loan Co.
v. Smith,* 12 Ida. 94, 85 Pac. 1084.)

"If the newly discovered evidence brings to light some new
fact bearing upon the main question, and it would be
likely to change the result, a new trial should be granted."
(*Flannagan v. Newberg,* 1 Ida. 78.)   The court has power
to relieve a party from the facts of a stipulation which
admits a fact which is not true. (*Richardson v. Musser,*
54 Cal. 196; *Ward v. Clay,* 82 Cal. 502, 23 Pac. 50, 227;
*Welsh v. Noyes,* 10 Colo. 133, 14 Pac. 317; *Beaumont Pasture
Co. v. Preston,* 65 Tex. 448; *Ish v. Crane,* 13 Ohio St. 580; 20
Enc. Pl. & Pr. 662.)

AILSHIE, J.—This action was commenced on March 19,
1907, by the respondent, Council Improvement Company.
By the allegations and prayer of the complaint it was sought
to both eject the appellant, John W. Draper, from the
premises, and to quiet respondent's title to the lands de-
scribed in the complaint.   The amended answer on which
the case was finally tried was filed on June 22, 1907.
The case came on for trial on June 25th, and on the
same date, and prior to entering upon the trial, the
parties filed a stipulation of facts and submitted the case to
the court for decision and judgment on the facts stipulated
by the parties.   This stipulation traces the chain of title
under which each party claims the ownership and right of
possession of the premises, and the case was submitted to
the court for its determination under the law as to which
party held the legal title to this property,—the plaintiff
claiming and asserting its title through a deed from the
administrator of the estate of one Zadock Loveless, deceased,
and the defendant claiming the property by reason of being
an heir at law of Zadock Loveless, deceased.   Under the
facts stipulated, the only question that was open for the
court to decide was whether or not the administrator's deed
passed title to the land, or the heirs at law of Zadock Love-

less took title to the land by patent from the United States, freed of any and all rights of the creditors of the estate of Zadock Loveless, deceased. The court decided, and rightfully, we have no doubt, that the plaintiff in the case acquired no title by reason of the administrator's deed, and that the title had vested in the heirs of the deceased. It appears that Zadock Loveless died intestate in Washington county in the year 1884, and that prior to his death he had settled and made homestead entry upon the land in controversy, and that he had not made final proof on the land or received patent therefor prior to his death. Subsequent to the death of Loveless, such proceedings were taken by William Loveless for the heirs, that on January 13, 1888, a patent was issued by the United States, granting and conveying "unto the heirs of Zadock Loveless, deceased, and to their heirs, the tract of land" described in plaintiff's complaint. Prior to the issuance of patent the administrator duly and regularly petitioned the probate court of Washington county for an order authorizing him to sell this homestead claim and improvements, and thereafter an order of sale was duly and regularly made and the administrator accordingly, and in pursuance thereof, on November 11, 1886, sold the land and all the right, title, interest and claim of the estate therein to one Edwin B. Lockwood.

Respondent deraigns its title to the property through the administrator's deed made to Lockwood. The court decided that no title passed by the administrator's sale, but that, on the contrary, the title from the United States was vested directly in the heirs of Zadock Loveless, and that the estate of the deceased acquired no right or interest therein. Judgment was accordingly entered on January 10, 1908, in favor of the defendant. Thereafter, and on March 19, 1908, L. L. Burtenshaw, attorney, and also secretary of the plaintiff corporation, made and filed a motion and affidavit to vacate and set aside the stipulation of facts and the judgment based thereon. This affidavit in no way attacks or assails the correctness of the stipulation or any of the facts therein set out, but alleges that Mr. Burtenshaw, as the rep-

resentative of and attorney for the plaintiff corporation, was ignorant of and not informed as to all the facts in the case, and especially the essential facts on which plaintiff's title and right of possession rested; that subsequent to making and entering into the stipulation, affiant learned other facts in relation to plaintiff's cause of action, and alleges that at the time of entering into the stipulation the defendant must have been, and was, cognizant of the existence of such facts, and that he did not disclose them to affiant. It is alleged in the affidavit "that one of the grantors of the said plaintiff held deeds of conveyance and assignment and relinquishment of all the interests in the estate of Zadock Loveless to William J. Loveless by the heirs of such estate, including Mary E. Draper, the wife of said defendant, conveying the said property described in said complaint, and that at the time of the execution and delivery of such deeds, the grantor of this plaintiff entered into the possession of such premises by virtue of such conveyance."

It should be here observed that Mary E. Draper, the wife of defendant, is a granddaughter of Zadock Loveless and one of his heirs. It is further alleged by the affidavit that after the signing of the stipulation of facts, one Andrew Adams, who was the administrator of the estate of Zadock Loveless, deceased, informed affiant that he, Adams, had been intimately acquainted with the lands in controversy since the year 1884, and that as administrator of the estate he sold the land to Edwin B. Lockwood, who immediately went into possession of the premises, and that he, Adams, knew of the deeds of conveyance and relinquishments from the heirs of Zadock Loveless, conveying all their interest in and to the estate of the deceased Loveless. The affidavit further alleges that the affiant learned similar facts as to the conveyance from the heirs of Loveless in an interview with one Martha J. Wheelhouse, and also learned from her that the plaintiff's grantors have been in the continuous possession of the premises for a great many years. Touching the knowledge affiant and plaintiff previously had with reference to these matters and the diligence exercised in procuring such knowledge, the affidavit proceeds:

"This affiant further says that it was not possible for the said plaintiff or this affiant to have discovered or produced the said facts above stated, as they were unknown to this affiant at the time of making such stipulation, for the reason that the said Andrew Adams did not at that time and had not for a long time prior thereto been a resident of this state, and the said plaintiff and this affiant not having any knowledge of said facts, or any of them, had no reason to suspect that such facts existed, and the said deeds of conveyance had not been recorded, but had been kept in the possession of the said Andrew Adams, and their existence was entirely unknown to the said plaintiff and this affiant until said conversation with the said Andrew Adams, long subsequent to the making of said stipulation."

Affiant alleges, in substance, that he is now prepared to establish plaintiff's claim, both by adverse possession and mesne conveyances from the heirs of Zadock Loveless. He failed, however, to make any of the deeds a part of his showing, and it appears that they have never been recorded, and they do not appear in the record in this case. The defendant filed a number of counter-affidavits denying that he had in any way deceived or misled the plaintiff, and alleging that if any deeds are outstanding as mentioned in the affidavit of Mr. Burtenshaw, that such deeds were merely relinquishments of the respective rights of the heirs in and to their claims or any claim they might have had to the estate of Zadock Loveless, and that they were not deeds for this tract of land. It is also set out in the affidavit that at the time of making and entering into this stipulation, Mr. Burtenshaw informed defendant and his counsel that he had known the premises for a great many years, and was familiar with the facts and circumstances surrounding the various transactions with reference thereto. It is also stated in the affidavit of Mr. Whitla, one of the attorneys for the defendant, that the question of adverse possession was considered and discussed between them at the time of entering into this stipulation, and it was mutually understood that neither party to the litigation was in a position

to wage his action or defense on the ground of adverse possession.

In the first place, it seems too well settled to require discussion here that the estate of Zadock Loveless, deceased, acquired no interest in, or claim to, this homestead entry. When Loveless died, his right and claim to this homestead lapsed. The right acquired by the heirs through patent from the United States connected them directly with the government as the donees of the land. Their right rests not upon the law of succession or inheritance, but upon the act of Congress (sec. 2291, U. S. Rev. Stat., U. S. Comp. St. 1901, p. 1390).

The probate court had no jurisdiction to authorize or direct a sale of this property, for the reason that it constituted no part of the estate of the decedent. The sale by the administrator, therefore, conveyed no title whatever. (*De Mars v. Hickey,* 13 Wyo. 371, 80 Pac. 521; *Bernier v. Bernier,* 147 U. S. 242, 13 Sup. Ct. 244, 37 L. ed. 152; *Chapman v. Price,* 32 Kan. 446, 4 Pac. 807; *McCuen v. Essig,* 122 Fed. 588, 59 C. C. A. 429; *Gjerstadengen v. Van Duzen,* 7 N. D. 612, 66 Am. St. 679, 76 N. W. 233; *Tennessee Coal etc. Co. v. Tutwiler,* 108 Ala. 483, 18 So. 668; *Rodgers v. Clemmans,* 26 Kan. 522; *Brown v. Hughes' Devisees,* 17 L. D. 156; *Tracy v. Schoenau,* 22 L. D. 403.) Since the estate of Zadock Loveless had no interest in or to this homestead, a relinquishment made by an heir of his rights, interest and claim in the estate of the deceased would in no way affect his rights in this land and would not convey his title thereto. Such a relinquishment would only divest him of his interest and claim in the estate of the decedent over which the probate court had jurisdiction. A statement, therefore, in the affidavit made by the moving party that certain of the heirs had given deeds or relinquishments ''of all their interest in the estate of Zadock Loveless'' would amount to nothing. Such deeds or relinquishments would not establish title in the respondent, and would not furnish a basis for establishing a chain of title.

The order made by the trial court in this case vacating the judgment and stipulation of facts was not made on a

motion for a new trial. So far as appears by this record, the plaintiff never moved for a new trial, and the motion in this instance was not made in the time required in case of a motion for a new trial. This is a motion presumably made under the provisions of sec. 4229 of the Rev. Codes, which authorizes the court to grant relief on application made at any time within six months after the entry of any judgment or order where the party has been taken by surprise or has failed to avail himself of all his rights and remedies, through mistake, inadvertence, surprise or excusable neglect. Now, if it should be conceded that the plaintiff has made the proper showing of merits in this case for vacating the judgment, still he would have, in the first place, to make a sufficient and adequate showing as to the exercise of diligence in reference to his mistake, inadvertence or excusable neglect. (*Lillienthal v. Anderson.* 1 Ida. 673; *Holzeman v. Henneberry,* 11 Ida. 428, 83 Pac. 497; *Western Loan & Sav. Co. v. Smith,* 12 Ida. 94, 85 Pac. 1084; *Beck v. Lavin,* 15 Ida. 363, 97 Pac. 1028.) On the very threshold of the proceeding respondent failed to show proper diligence. The party who moved against this judgment was the plaintiff and not the defendant. He commenced this action to eject the defendant from the premises and to quiet his title. When the litigant commences an action he is presumed to know the nature of his cause of action and the facts upon which he will rest his case. He should know the theory of his action and its merits before instituting his proceedings. Courts will not readily afford relief from one's own fault or error of judgment. (*Miller v. Donovan,* 11 Ida. 545, 83 Pac. 608.) This action was pending from March 19th to June 25th, and even if the plaintiff had made no effort to ascertain the facts of its case prior to the commencement of the action, still it had a period of more than three months after the commencement of the action in which to gather its evidence and prepare for trial. It ought to have known the source of its title—whether it rested on a legal or equitable title, and whether upon deeds of conveyance or adverse possession. At the time of the trial, it evidently thought its title rested upon deeds of conveyance. It then

proposed to establish its title through mesne conveyance from the administrator of the estate of Zadock Loveless. After the decision was rendered against it, and it concluded that it could not successfully maintain its title and right of possession on that theory, it evidently began looking about to ascertain other evidence on which it could rest its title. Judging from the record, it then evidently concluded that it could safely rest its title on deeds directly from the heirs of Loveless and adverse possession had under those deeds. If these deeds were in evidence, we could at once judge of their nature, character and sufficiency. It is somewhat significant that they are not to be found in the record. The newly discovered evidence should have been produced. The wording of the affidavits themselves indicates to our minds that the deeds on which plaintiff relies are simply deeds and relinquishments from the heirs to any rights they had in the estate of the decedent, Loveless. As hereinbefore observed, such relinquishments would not aid appellant in any respect. A judgment should not be vacated or a new trial granted unless it appears from the showing that a different judgment would likely be entered in the event a new trial is granted. (Spelling, New Trial & App. Prac., sec. 221.)

It has been argued very strenuously by the respondent here that the vacation of a judgment or granting a new trial is a matter within the discretion of the trial court, and that unless there is a manifest abuse of that discretion, the order will not be reversed on appeal. That is the general and prevailing rule, and has been recognized and followed by this court. (*Holland Bank v. Lieuallen*, 6 Ida. 127, 53 Pac. 398; *Twin Springs Placer Co. v. Upper Boise Hydraulic Min Co.*, 6 Ida. 687, 59 Pac. 535; *Holzeman v. Henneberry*, 11 Ida. 428, 83 Pac. 497; *Western Loan & Sav. Co. v. Smith*, 12 Ida. 94, 85 Pac. 1084.) We are reminded, however, by the record in this case of the fact that the trial court heard this case on a stipulation of facts and that no witnesses were sworn or examined before that court. The motion to vacate and set aside the judgment was made on affidavits, and no witnesses were examined before the court. In such instances

the rule is that this court will make an original examination of the evidence as contained in the record, and will exercise its judgment and discretion the same as if the case were being presented to us for determination in the first instance. (*Van Camp v. Emery,* 13 Ida. 207, 89 Pac. 752.)

Although the judgment in this case was entered on January 10th, no move was made toward procuring a new trial or the vacation of the judgment or to secure any relief until March 19th. It was exactly one year from the day appellant filed its complaint until it came into court to make a showing that it had discovered the real evidence on which the true theory of its case was to be presented. This was not diligence; it did not amount to the prosecution of the action in good faith and with due diligence. Lawsuits must be brought to an end sometime, and judgments must become final. Whether or not the respondent really has a good cause of action which it could successfully wage in this case, we are not able to determine from this record. On the other hand, we are convinced from the record that it has not exercised diligence and care such as would entitle it to relief in this manner. The order of the district court vacating the judgment was erroneous, and it must be reversed, and it is so ordered. Costs awarded in favor of appellant.

Sullivan, C. J., and Stewart, J., concur.