(May 24, 1898.)

## HOLLAND BANK v. LIEUALLEN.

[53 Pac. 398.]

SETTING ASIDE DEFAULT—WHAT MUST BE SHOWN—DISCRETION OF TRIAL COURT.—The discretion of the trial court in refusing to set aside a default judgment will not be disturbed unless it is shown that such discretion has been abused. An application by the defendant to set aside a default judgment after the term at which such judgment was rendered must be supported by evidence showing mistake, inadvertence, surprise or excusable neglect on his part, and accompanied by an affidavit of merits showing facts which constitute a defense to the plaintiff's action.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

George W. Goode, for Appellant.

The best rule seems to be that the trial court should always exercise its discretion in favor of setting aside a default when the application is made in good faith and any reasonable showing is made. (*Dougherty v. Nevada Bank,* 68 Cal. 276, 9 Pac. 112; 5 Am. & Eng. Ency. of Law, 496, 58 et seq.; *Buell v. Emerich,* 35 Cal. 116; *Anaconda Min. Co. v. Saile,* 16 Mont. 8, 50 Am. St. Rep. 472, 39 Pac. 909.) It is true that the matter rests within the sound discretion of the trial court, but this is not an arbitrary or biased discretion, and in case the trial court abuses this discretion its decision will be reviewed by the appellate courts. (5 Am. & Eng. Ency. of Law, par. 62, note 6; *Watson v. San Francisco etc. R. R. Co.,* 41 Cal. 20; *Vermont Marble Co. v. Black* (Cal.), 38 Pac. 512; *Broadbent v. Brumback,* 2 Idaho, 366, 16 Pac. 555.)

Forney, Smith & Moore, for Respondent.

The allowance of $250 as attorney's fees is stipulated in the contract and is secured by the terms of the mortgage, the same as any other part of the indebtedness. At the hearing of this cause evidence was introduced on the part of the plaintiff and upon this evidence judgment was rendered. The presumption is that courts do their duty; that they follow the law; that their decisions are correct. Error must affirmatively appear. (*Hastings v. Cunningham,* 35 Cal. 550; Hayne on New Trial and Appeal, sec. 285, cases.) It will be observed that while appellants relied upon "excusable neglect" as ground for setting aside the judgment, there was no showing of his defense. He simply says he has talked with an attorney, and had "fully and fairly stated all the facts of the case, etc." But the better rule is that he shall show his defense. (*Bailey v. Taffe,* 29 Cal. 423 (426); 6 Ency. of Pl. & Pr., 183, 184; 5 Ency. of Pl. & Pr., 1024, note and citation 3, extending to bottom of p. 1025; *Schofield v. Horse Spring Cattle Co.,* 65 Fed. 433; *Goodhue v. Churchman,* 1 Barb. Ch. (N. Y.) 596.) The record in this case, we submit, shows no case of excusable neglect; neither

does it show any abuse of discretion on the part of the lower court in refusing to set aside the default. But, as we stated before, error must affirmatively appear. On the point of setting aside a judgment after sale of the lands, see *Foster v. Hauswirth,* 5 Mont. 566, 6 Pac. 19. On discretionary power in refusing the relief sought herein, see *Robert E. Lee S. M. Co. v. Englebach,* 18 Colo. 106, 31 Pac. 771; *Lovejoy v. Willamette Transp. etc. Co.,* 24 Or. 569, 34 Pac. 660; *Livesley v. O'Brien,* 6 Wash. 553, 34 Pac. 134.

QUARLES, J.—Plaintiff brought its suit to foreclose a mortgage. Summons was duly issued and served. After the time for answering had expired, the default of the defendants was entered, and judgment of foreclosure entered in conformity to the prayer of the complaint. After the expiration of the term of court at which the judgment was rendered, the defendants applied to the court for an order setting aside the default and judgment. In support of the application, the affidavit of the defendant, A. A. Lieuallen was filed to the effect that, after the service of summons, he saw one of the attorneys for the plaintiff, and requested that the cause be not placed upon the calendar at the succeeding term of court, commencing May 17, 1897, and that the cause be continued until the fall term of court, without defendants waiving any of their rights; that to said request he was told by said attorney to see Mr. Reed, the agent for the plaintiff; that said Reed suggested that things stand awhile, and he would communicate with the office at Spokane, and would let the defendant know if he would agree to a continuance; that after this affiant called at the office of said Reed several times, but failed to see said Reed; that affiant neglected to file answer for himself and wife within the time required by the summons, while waiting to hear from said Reed, who failed to inform affiant; that by examination at the opening of the May term of court affiant ascertained that no default had been entered, and that the cause was not on the calendar, from which affiant concluded that plaintiff had agreed to carry the cause over till the fall term of court, for which reason the affiant gave no further attention to the cause at the said May term of said

court; that about the 20th of October, 1897, affiant first learned that said cause had been placed on the calendar at the May term, default entered, and judgment therein entered on the sixteenth day of June, 1897; that affiant has fully and fairly stated all the facts of the case in said cause to his counsel, George W. Goode, an attorney at law residing at Moscow, Idaho, and after such statement is by him advised that he and his wife have a good and substantial defense to said action on the merits, and verily believe the same to be true. Plaintiff filed the counter-affidavit of Theodore Reed in opposition to said application, in which said Reed corroborates defendant's affidavit in some respects, and contradicts it in others. Said Reed deposed that he told the defendant that he had no authority to agree to a continuance of the cause till the fall term; that he would telephone to the managing agent of plaintiff at Spokane, A. F. Van Hall, to see if said Van Hall would agree to such continuance; that he did telephone, and found that said Van Hall was then on the road between Spokane and New York; that one or two days afterward he saw said Lieuallen, and informed him that he had telephoned to Spokane, and that there was no one there authorized to agree to a continuance.

The defendant did not show good cause for setting aside the judgment and default. No agreement to continue the cause was shown, and no good excuse for not answering prior to entry of default is shown. The setting aside of a default is a matter of discretion, reposed in the trial court, whose action will not be disturbed on appeal, unless there has been an abuse of such discretion. It does not appear in this case that such discretion was abused. As to what should be shown on application to set aside a default judgment after the term at which it is rendered, is matter of practice. Correct practice and the rule in this state to be followed is that, in addition to showing one of the grounds mentioned in section 4429 of the Revised Statutes, the defendant must, in his affidavit of merits, state the facts upon which his defense is based—must set forth the substance of his defense, so that the court may judge for itself whether the alleged defense is frivolous or meritorious. No such showing was made in this case. We are not willing to sanction a rule of practice which substitutes for the judgment of the trial court, as to whether

the defendant has a meritorious defense or not, the opinion of some attorney whose opinion is based upon *ex parte* statements of an interested party not made under oath. Such practice has prevailed in one or more states, but its recognition here, we think, would be fraught with dangers resulting in vexatious delays, oftentimes without any grounds therefor. The order and judgment appealed from are affirmed. Costs of appeal awarded to respondent.

Sullivan, C. J., and Huston, J., concur.