(December 28, 1898.)

## THUM, RECEIVER, v. PYKE, RECEIVER, AND OGDEN SAVINGS BANK, INTERVENER.

[55 Pac. 864.]

NOTICE BY TELEGRAM—MISTAKE IN SAME—VACATING JUDGMENT.—A mistake in the transmission of a telegram by the judge of the court for which the party is in no way responsible, and whereby a party is deprived of a hearing upon the trial of a cause, is sufficient ground for vacating a judgment.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

Lyttleton Price, for Appellant, cites no authorities on point decided.

E. E. Chalmers, for Defendant Pyke, files no brief.

David Evans, for Intervener.

This appeal is not taken from a final judgment, nor is it authorized by any of the subdivisions of section 4807 of the Revised Statutes of Idaho, as amended by the Session Laws of 1895, page 142, and should therefore be dismissed. (*Thomas v. Thomas,* 10 Colo. App. 170, 50 Pac. 211; *Eastman v. Gurrey,* 14 Utah, 169, 46 Pac. 828; *Thiessen v. Riggs,* 5 Idaho, 21, 46 Pac. 829; *Reitmeir v. Siegmund,* 13 Wash. 624, 43 Pac. 878; *Gray v. Haish,* 2 Kan. App. 145, 43 Pac. 293.)

HUSTON, J.—The plaintiff, as receiver of C. Bunting & Co., bankers, brings this action against the defendant, F. A. Pyke, receiver of C. Bunting & Co., merchants, and the Ogden Savings Bank intervenes. All of these parties are corporations organized under the laws of Utah, the first two doing business in Idaho, and having their principal place of business in Blackfoot, in the county of Bingham, in the state of Idaho, and the last doing business in Ogden, Utah. Some time in the month of February, 1897, in a suit or suits pending in the district court for Bingham county against said banking and mer-

cantile corporations, receivers were appointed by said court for both said corporations. The receiver of the mercantile corporation has paid, liquidated, and discharged all claims of every kind whatsoever against the said Bunting & Co., merchants, and has asked for his discharge. The plaintiff, receiver of the said Bunting & Co., bankers, brings this suit, alleging that "the said banking corporation is the owner of, and there has come into the hands of the plaintiff as such receiver, all of the shares of said corporation C. Bunting & Co., merchants, except such part thereof as the said banking corporation had, before the appointment of this plaintiff as receiver, pledged to other persons," and "that as such receiver this plaintiff is entitled to receive and take all of the assets of every kind and character whatsoever of C. Bunting & Co., merchants. Pyke, receiver of C. Bunting & Co., merchants, makes no defense. The Ogden Savings Bank, having obtained leave of the court therefor, files its complaint and answer in intervention, wherein it alleges that it "is the owner, in the possession, and entitled to the possession of five hundred shares of the capital stock of C. Bunting & Co., merchants, being two-thirds of the entire capital stock of said corporation, there being but seven hundred and fifty shares of said stock only." The intervener then proceeds to set forth the manner in which it became the owner and possessed of said shares of stock, which is, in substance, as follows: That on or about the first day of February, 1897, and prior to the appointment of plaintiff as receiver as aforesaid, the said banking corporation of C. Bunting & Co. executed and delivered its promissory note in favor of said intervener for the sum of $15,000 principal, payable sixty days after date, bearing interest at the rate of ten per cent per annum, which said note provided for an attorney's fee of ten per cent in case suit should be brought for the collection thereof, and which said note was made payable at Ogden City, state of Utah. On or about the 1st of April, 1897, suit was instituted by the intervener in the district court for Weber county, Utah, for the collection of said note, and due service was had upon the proper officer of said C. Bunting & Co., bankers, and thereupon a writ of attachment duly issued out of said court in said suit, under which said five

hundred shares of the capital stock of said corporation of C.
Bunting & Co., merchants, belonging to C. Bunting & Co., bank-
ers, which was then and there in Salt Lake City, Utah, in the
hands of W. S. McCornick & Co., bankers, who held the same as
the stock of C. Bunting & Co., bankers, as pledged for the pay-
ment of a balance of about $7,000 due on eight promissory
notes, which said notes were made by C. Bunting & Co., bankers,
in favor of said McCornick & Co., aforesaid; that judgment was
recovered by said intervener upon said note and against said
C. Bunting Co., bankers, for the sum of $16,812.50 and costs;
that execution was issued thereon, and said shares of stock were
sold thereunder to the judgment creditor in said suit, it being
the highest bidder therefor at said sale, and that on the same
day of said sale, for a valuable consideration to them paid by
said intervener, the said McCornick & Co. duly assigned, set
over, and delivered said five hundred shares of said stock to the
intervener.   Intervener prays that plaintiff take nothing by his
said suit; that the plaintiff be, by order of the court, required
to turn over to the intervener two-thirds of all money which
he has in his possession, derived from the sale of property of C.
Bunting & Co., merchants; and that said receiver be required
to turn over all of the assets in his hands belonging to the said
C. Bunting & Co., merchants; and that plaintiff and defendant
be both required to account to intervener for two-thirds of the
money and other assets of said C. Bunting & Co., merchants,
and for general relief.   On the 28th of September, 1897, being
a day of said court, plaintiff's counsel moved the court to strike
from the files the order permitting intervention in said action,
together with the complaint in intervention filed therein, which
motion was allowed by the court; and thereupon, and upon said
last-mentioned day, the court proceeded to hear said cause,
there being no appearance by said intervener at said hearing;
and thereafter, and on said 28th of September, the said court
entered judgment to the effect that the plaintiff do have and
recover from the defendant all the residue of the property and
estate of C. Bunting & Co., merchants; that said plaintiff shall,
however, keep separate account of the same, and of all his deal-
ings therewith, and not mix or mingle any of such property,
or moneys he may realize therefor, with the property or moneys

now in, or that may come to, his hands as receiver of C. Bunting & Co., bankers. On the 7th of October, 1897, the intervener served notice of motion to set aside and vacate said judgment, and the order of the court striking out the complaint and answer of intervener. Upon the hearing of said motion it was made to appear that on September 24, 1897, the judge of said district court sent a telegram to the attorneys for intervener informing them that said cause would be set for hearing on "Tuesday next," but an error occurred in the transmission of said telegram, whereby the same was made to read, "Thum against Pyke will be set for Thursday next." It appearing to the court that the said intervener had, by reason of a mistake in the transmission of said telegram, for which he was in no way responsible, been prevented from having a hearing in said case, an order was made by the court vacating and setting aside both the judgment and the order striking the complaint and answer of the intervener from the files, and it is from such order that this appeal is taken. Leave was granted by the court to intervener to file an amended complaint, but that cuts no figure in this case, having been made after the order appealed from.

It is objected by the intervener (respondent) that the said order of the district court, vacating the judgment and reinstating intervener's complaint and answer, is not appealable. The order vacating the judgment was an order granting a new trial to all intents and purposes, and as such was, we think, appealable. The only question before us which we deem it necessary to pass upon at this time was the action of the district court in granting the motion to vacate the judgment and reinstate the complaint and answer of intervener. We find no error in this action of the court. It was a matter of discretion with the court, and, under the showing made in the record, we think that there was no abuse of discretion. The order appealed from is affirmed, and the cause remanded to the district court for further proceedings in accordance with law.

Sullivan, C. J., cancurs.

QUARLES, J.—I concur in the conclusion reached. I think, however, that, as the cause 'must go back to the district court

for trial, this court should pass upon all of the questions raised by the pleadings. In my opinion, the record raises a number of questions. For instance: Does plaintiff's complaint state a cause of action? Can the plaintiff maintain this action to recover from the receiver of the mercantile corporation the property and assets of the latter by virtue of the fact that he, as receiver of the banking corporation, holds stock in said mercantile corporation? Can the intervener recover two-thirds of the assets of the mercantile corporation by virtue of its owning two-thirds of the capital stock in such corporation? Can the assets of the mercantile corporation be distributed among its stockholders prior to its dissolution? If the proceedings in the suit brought by the Ogden Savings Bank against C. Bunting & Co., bankers, in Utah, wherein the plaintiff attached in Utah five hundred shares of stock owned in the mercantile corporation by the banking corporation, were regular, and the judgment therein valid in Utah, is not such judgment and the execution sale thereunder valid elsewhere? If the execution sale at which the intervener purchased in Utah is regular, and binding against the banking corporation and its receiver in Utah, is it not the duty of the courts of this state to give full faith and credit to said judicial proceedings in the state of Utah, under the provisions of the federal constitution? In my opinion, the above questions should be determined by this court on the record before us, so as to enable the lower court to correctly determine the merits of this action without loss of time, and on the further ground of avoiding other appeals in this action. My associates do not agree with me, and, possibly, they are correct in their view.