(November 20, 1905.)

## HOLZEMAN v. HENNEBERRY.

[83 Pac. 497.]

AFFIDAVIT TO SET ASIDE DEFAULT JUDGMENT—SHOWING OF MERITS— MISTAKE, INADVERTENCE, SURPRISE OR EXCUSABLE NEGLECT—DIS- CRETION OF COURT.

1. Affidavits on motion to set aside a default judgment, under the provisions of section 4229 of the Revised Statutes, must show that the default occurred through mistake, inadvertence, surprise or .excusable neglect, and that the defendant has a meritorious defense to the action.

2. An application to set aside and vacate a default judgment is addressed to the sound legal discretion of the court to which the application is made, and unless it appears that such discretion has been abused, the order will not be disturbed on appeal.

3. This discretion must be directed and exercised within the well-established rules of law, and when the essential elements necessary to set it in action are wanting, its improper exercise will be corrected on appeal.

4. Showing made in this case reviewed and held insufficient to authorize the setting aside a default judgment.

(Syllabus by the court.)

APPEAL from District Court in and for Kootenai County. Honorable Ralph T. Morgan, Judge.

Defendant moved on affidavits for an order vacating and setting aside a default judgment. Motion was granted and plaintiffs appealed. Reversed.

Charles L. Heitman, for Appellant.

In order to set aside a judgment rendered on default, it must be shown that the default occurred through mistake, inadvertence, surprise or excusable neglect, and that the defendant has a meritorious defense. (*Bailey v. Taaffe*, 29 Cal. 423; *Parrott v. Den*, 34 Cal. 79; *Holland Bank v. Lieuallen*, 6 Idaho, 127, 53 Pac. 398.)

Stewart S. Denning, for Respondent, cites no authorities on the point decided.

AILSHIE, J.—This is an appeal from an order vacating and setting aside a default judgment. Plaintiffs filed their complaint on the twentieth day of January, 1904. On the same date summons and writ of attachment duly issued. The summons was served on the defendant in Kootenai county on the twenty-second day of January, and on the same day the writ of attachment was levied on certain personal property and also on one hundred and sixty acres of land belonging to the defendant. Thereafter, and within the ten days allowed for answering, Edwin McBee, Esq., served upon counsel for plaintiffs a demurrer to the complaint, but this demurrer does not seem to have ever been filed. On February 1st the defendant executed what seems to be a bill of sale or trust deed to one William Rhinehart, conveying to Rhinehart certain personal property belonging to the defendant, and described in the bill of sale, and directing and authorizing Rhinehart, as trustee, to sell and dispose of all the property therein described and apply the proceeds toward the payment of certain of his creditors whose names and the amounts due each were set out in the bill of sale or trust deed. Among the claims enumerated in the bill of sale to Rhinehart was the claim of the plaintiffs in this action. The defendant authorized the trustee to pay the claim of the plaintiffs in this action and also their costs and an attorney fee. On February 18, 1904, it appears that the attorneys for the respective parties in open court agreed to the entry of judgment as prayed for in the complaint,

and thereupon judgment was duly and regularly entered against the defendant. The order made at that time by the district judge directing the entry of judgment is as follows: "At this time, by agreement of counsel for plaintiffs and defendant, it was ordered by the court that judgment for the plaintiffs be entered herein in accordance with the prayer to plaintiffs' complaint." It also appears that about the time the bill of sale was executed in favor of Rhinehart as trustee, plaintiffs' attorney stipulated with Mr. McBee, as attorney for defendant, that the personal property under attachment might be released from the operation of the attachment, that property being included in the bill of sale. On May 5th a writ of execution issued directed to the sheriff of the county for the collection of the judgment, and the writ was thereafter returned as having been executed by selling one hundred and sixty acres of real estate belonging to the defendant which had previously been attached. Thereafter, and on August 20th, the defendant, through his counsel, served notice upon plaintiffs, that he would make a motion to vacate and set aside the judgment, and thereafter the motion was made, supported by numerous affidavits, upon the ground that the judgment had been taken against defendant through his "inadvertence, surprise and excusable neglect." The affidavits are numerous and lengthy in support of and in opposition to this motion, but the substance of defendant's showing is, that while he admits the indebtedness, he claims that it was his understanding when he executed the bill of sale to Rhinehart, as trustee, that the plaintiffs would take no further steps in their suit against him, but would look to Rhinehart, as trustee, to make the amount of plaintiffs' claim out of the trust property. He also denies that Mr. McBee was ever his attorney or authorized to appear for him in this action. He also charges that the trustee has been reckless and extravagant in the management and disposition of the trust property, and that he has made excessive charges for his services and expenses in connection therewith. He alleges that he allowed the case to pass without further consideration or attention on his part under the

understanding and belief that no further action would be taken against him, and that had he understood that the plaintiffs intended to further proceed to judgment and execution, he would have appeared and contested the matter. He does not show, however, that he ever had any defense to the action on its merits or to any part of the action. In fact, he does not pretend to show any grounds of defense that he ever had against this action on its merits. The plaintiffs, in opposition to defendant's showing, filed affidavits to the effect that the bill of sale to Rhinehart was made at the defendant's own instance, and that Rhinehart was named as trustee by the defendant, and that the plaintiffs never made any promises whatever to the defendant except that they would release the personal property from the operation of their attachment, which they did. Plaintiffs also show quite conclusively, to our minds, that Mr. McBee was the authorized attorney for defendant in the original action, and had authority to do the acts and things which he appears to have done. We might also observe that the defendant in his affidavit swears that he never was served with summons. The sheriff's return, however, shows that he was served, and if it should be admitted that the service of the summons could be attacked in this manner, still we are satisfied that the plaintiffs established beyond all doubt that the defendant was served with summons. After a hearing on this motion the judge made his order vacating and setting aside the judgment. It is a well-established principle that the granting or refusing an order of this kind rests in the sound legal discretion of the court to which the application is made, and that unless it appears that such discretion has been abused, the order will not be disturbed upon appeal. (*Bailey v. Taaffe,* 29 Cal. 422, 58 Am. Dec. 392-398; *Holland Bank v. Lieuallen,* 6 Idaho, 127, 53 Pac. 398.) This discretion must be directed and exercised within the well-established rules of law, and when the essential elements necessary to set it in action are wanting, its improper exercise will be corrected on appeal. (*Bailey v. Taaffe, supra;* 17 Ency. of Law, 2d ed., 844-846.) In this case no affidavit of merits was pre-

sented, and it conclusively appears that no defense to the action on its merits existed. On the other hand, no "inadvertence, surprise, or excusable neglect" is shown. Defendant knew the action was pending, knew he owed the debt, and must have known that summons had been served on him and that Mr. McBee had appeared in the case for him. He did not appear personally, and had no other attorney appear to represent him. It has been generally held under a statute similar to section 4229 of the Revised Statutes that a defendant making application to open a default judgment must not only show that the judgment has been entered against him through his "mistake, inadvertence, surprise or excusable neglect," but must also show sufficient facts from which it appears that he has a good defense. This court in *Holland Bank v. Lieuallen,* 6 Idaho, 127, 53 Pac. 398, in considering the showing necessary to be made under this statute, said: "Correct practice and the rule in this state to be followed is that, in addition to showing one of the grounds mentioned in section 4229 of the Revised Statutes, the defendant must, in his affidavit of merits, state the facts upon which his defense is based—must set forth the substance of his defense, so that the court may judge for itself whether the alleged defense is frivolous or meritorious. No such showing was made in this case. We are not willing to sanction a rule of practice which substitutes for the judgment of the trial court, as to whether the defendant has a meritorious defense or not, the opinion of some attorney whose opinion is based upon *ex parte* statements of an interested party not made under oath." (To the same effect, see cases above cited.) There was no showing made in the case at bar which would bring the defendant within the rule announced in *Holland Bank v. Lieuallen, supra.* And the defendant, in addition to failing entirely to furnish any affidavit of merits has, in our opinion, failed to show any "inadvertence, surprise or excusable neglect" for not originally defending in the case if he had any defense thereto. If the statements contained in the affidavits furnished by defendant are all true, it is possible that he has a cause of action against the trustee named in his

bill of sale or trust deed. If the trustee has neglected and disregarded the trust or has squandered the estate or made unreasonable and unjust charges, that will become a subject for settlement in a proper proceeding between the defendant and the trustee; and, of course, if any other parties have conspired with or assisted the trustee in a conversion or unlawful appropriation of the trust funds, such persons will undoubtedly be proper defendants in an adjustment of these matters. Such questions, however, do not constitute a. ground for vacating and setting aside the judgment in this case.

For the foregoing reasons the judgment and order appealed from will be reversed and the cause remanded. Costs awarded to appellant.

Stockslager, C. J., concurs.

Sullivan, J., concurs.