(February 4, 1910.)

## W. W. CULVER, Respondent, v. THE MOUNTAIN HOME ELECTRIC COMPANY, a Corporation, Appellant.

[107 Pac. 65.]

DEMURRER—DISPOSITION OF SAME—ISSUE OF LAW—DEFAULT—PRE-
SUMPTION—VACATING JUDGMENT—SHOWING REQUIRED—AFFIDAVIT
OF MERITS—ANSWER.

1. The filing of a demurrer to a complaint presents an issue of
law which the court is required to decide, and the defendant is not
in default until such issue of law is disposed of, and it is error
for the court to permit default to be entered or to enter judgment
against the defendant until such demurrer is overruled.

2. But when the record shows that the default of the defendant
is entered for want of an answer, and trial had and judgment ren-
dered, this court will presume, in the absence of a showing to the
contrary, that the trial court acted upon the demurrer and over-
ruled the same.

3. An application to set aside and vacate a judgment is ad-
dressed to the sound legal discretion of the court, and unless it
appears that such discretion has been abused, the order will not
be disturbed upon appeal.

4. To entitle a defendant to have a judgment opened upon the
grounds of mistake, inadvertence, surprise or excusable neglect, it
is necessary to file an affidavit of merits or tender an answer
showing that the defendant has a meritorious defense to such action,
and it is not an abuse of legal discretion on the part of the trial
court in overruling an application to open a default where it does
not appear and is not shown that the defendant has a defense to
said action.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial
District, for Elmore County. Hon. Edward A. Walters,
Judge.

An action for damages and for injunctive relief. Judg-
ment for plaintiff. Defendant appeals. *Affirmed.*

W. C. Howie, for Appellant.

It was error to enter default and take judgment when
there was a demurrer on file undisposed of. (6 Ency. Pl. &
Pr. 93.) And it is immaterial that the demurrer was filed

after the time required to answer.  (6 Ency. Pl. & Pr. 84, 85.)

The showing that the default was taken through the excusable neglect, if neglect at all, of appellant's counsel, as well as that of the client, is a ground for opening the default.  (*Horton v. New Pass G. & S. Co.*, 21 Nev. 184, 27 Pac. 376; *Battcy v. O'Connor*, 106 Ind. 81, 5 N. E. 880; *Dodge v. Ridenour*, 62 Cal. 263; 6 Ency. Pl. & Pr. 168 et seq.)  Especially is that true when the neglect is caused by the sickness of the attorney.  (*Wishard v. McNeil*, 78 Iowa, 40, 42 N. W. 578; *Montgomery County v. Am. Emigrant Co.*, 47 Iowa, 91.)  And when the default has been caused in any way by representation of or misunderstanding with counsel of the opposite party.  (*Blackwood v. Cutting Packing Co.*, 71 Cal. 461, 12 Pac. 493; *Heinemann v. Le Clair*, 82 Wis. 135, 51 N. W. 1101; *Himmelmann v. Sullivan*, 40 Cal. 125; *Reclamation Dist. v. Hamilton*, 112 Cal. 603, 44 Pac. 1074.)

L. B. Green, for Respondent.

It must be borne in mind that the trial court has many opportunities in the proceedings in the lower court to know and understand the real situation of each case there pending.  The same judge who dictated the minutes in open court, exonerating the bond and fixing the time to answer, denied two motions to open this default.  (*Western Loan & Savings Co. v. Smith*, 12 Ida. 103, 85 Pac. 1084.)

STEWART, J.—On June 27, 1908, the respondent filed an amended complaint against the appellant.  On July 10, 1908, the default of the defendant was entered by the clerk for failure to appear and answer.  On July 22d the appellant filed a demurrer to the amended complaint.  On Oct. 22, 1908, the minutes of the court recite, ''This matter came on regularly to be heard this day, upon the motion of the defendant to set aside default heretofore entered, and be permitted to answer, W. C. Howie, Esq., appearing as counsel for defendant, and J. M. Owen, Esq., appearing as counsel

for plaintiff.   The court being fully advised in the premises, it is hereby ordered that said motion be and the same is hereby allowed and the defendant allowed until Monday, October 26th, 1908, to file and serve answer.''   The minutes of the court of Nov. 6, 1908, recite, ''By agreement of counsel this cause continued for the term and sixty days given to file and serve answer, and further agreed by counsel for defendant in open court that the restraining order may stand and the bond for the same may be exonerated.''   On Feb. 2, 1909, the clerk entered the default of the defendant for failing to file and serve its answer to the amended complaint within the time allotted by the order of the court on Nov. 6, 1908.   On Feb. 12, 1909, a trial was had, witnesses sworn on behalf of the plaintiff, and judgment rendered in favor of the plaintiff, continuing the injunction theretofore issued and for damages in the sum of $500 and for costs. This judgment was filed Feb. 13, 1909.   On Feb. 25, 1909, the respondent made a motion to set aside this judgment on the ground of mistake, inadvertence, surprise and excusable neglect, and supported such motion by the affidavit of his counsel and the affidavit of one John H. Garrett.   On the same day the district court entered an order requiring the plaintiff to show cause before the court at chambers on Apr. 5th why said judgment should not be set aside, and the defendant be allowed to serve and file an answer, and that pending the hearing of the order to show cause why proceedings should not be stayed.   On Mar. 5th the respondent filed a motion for an order revoking the order made on Feb. 24th, restraining the plaintiff from issuing execution for enforcing the judgment; and in the event the order is not revoked, that an order be made requiring the defendant to give a bond in the sum of $600, conditioned that the defendant would pay any judgment together with costs which had been rendered against it or which may hereafter be rendered against the defendant in favor of the plaintiff.   This motion was based upon the affidavit of the plaintiff, and on the same day the district judge made an order requiring the defendant to give such bond, and upon failure to give such bond,

that the judgment stand; and that if the bond be not given within six days, that the order made on Feb. 24th be revoked and annulled in so far as it restrained the plaintiff from proceeding by execution, attachment, or other legal process on said judgment. On Apr. 14, 1909, the minutes of the court show, "The motion heretofore made by defendant to set aside judgment and open default herein was by the court denied and overruled, to which ruling by the court defendant duly excepts."

On Apr. 24, 1909, the defendant made a motion for an order vacating and setting aside the order of Apr. 14th and based this motion upon the former application and the papers in the case and upon the "language of the court used in his decision upon the former application." On the same day the court made an order: "This matter coming on regularly to be heard, on the motion of defendant to set aside the default and judgment entered in the above-entitled action, W. C. Howie appearing for the defendant and for said motion, and L. B. Green appearing for the plaintiff and against said motion, affidavits having been introduced for and against said motion, and the court having duly considered the same and being fully advised in the premises, it was hereby ordered that said motion be, and the same is hereby overruled and disallowed."

The appellant appeals from the judgment entered on Feb. 13, 1909, in favor of the plaintiff for the sum of $500 damages and $42.65 costs, and also appeals from the order made in said cause by the judge of the district court on Apr. 24, 1909, overruling and disallowing defendant's motion to set aside the default and judgment in said cause. The appellant's contention is, first, that the judgment rendered by the court on Feb. 12, 1909, is erroneous for the reason that at such time the appellant was not in default, because there was a demurrer on file which had not been disposed of, and for that reason the trial court erred in rendering judgment by default.

Referring to the record, it appears that the amended complaint was filed June 27th; that default for want of an an-

swer was entered July 10th; that a demurrer was filed on July 22d. On Oct. 22d, on motion of the appellant the default was set aside. The record, therefore, does not show what disposition was made of the demurrer filed July 22d, but it appears that on Feb. 2, 1909, following, the default of the defendant was again entered for want of an answer, and on Feb. 12, 1909, a trial was had and judgment rendered against the defendant.

It may be questioned whether the appellant had any right to file the demurrer after its default had been entered and before such default was set aside, but it does not appear that any objection was made by counsel for respondent, and we shall consider the matter as though the demurrer was rightly filed. The demurrer filed presented an issue of law which the court was required to decide, and the defendant was not in default until such issue of law was disposed of, and it would have been error in the court to permit default to be entered or to have entered judgment against the defendant until such demurrer was overruled. But when the record shows, as it does in this case, that the default of the defendant was entered for want of an answer and trial had and judgment rendered, this court will presume—in the absence of a showing to the contrary—that the trial court acted upon the demurrer and overruled the same. (*Smith v. Clyne*, 16 Ida. 466, 101 Pac. 819.) In this case, therefore, if the demurrer had been overruled on Feb. 2d when the default was entered, and no answer had been filed, the clerk was fully authorized to enter the default, and the court had jurisdiction to try the case and enter judgment on Feb. 12, 1909, the time when such judgment was rendered. We find no error, therefore, in the clerk entering the default, and the court rendering the judgment from which the plaintiff appeals.

The second contention of the appellant is based upon the order of the trial court declining to set aside and vacate the default of the defendant entered on Feb. 2, 1909. The appellant contends that the trial court erred in not sustaining the appellant's motion to vacate and set aside such default.

This was the second application of the defendant to vacate and set aside a default entered in the case for want of an answer, and is based wholly upon the ground of mistake, inadvertence, surprise and excusable neglect. It appears from the affidavits presented by the appellant on the motion to open the default that when the court continued the case on Nov. 6, 1908, and gave the defendant sixty days in which to file answer, counsel for appellant did not seem to understand or know that a time was fixed in the order of the court in which the answer should be filed, and that counsel for appellant understood that he should have such time to answer as he desired, and that counsel for respondent would advise him before further action was taken in the case. This contention of counsel for appellant is to a certain extent contradicted by an affidavit made by J. M. Owen, who was counsel for the defendant at the time the order of Nov. 6th was made, and up to and after the judgment by default was entered, and that counsel for respondent understood that the court fixed the time within which appellant should answer, and the answer not having been filed the appellant was in default, and that respondent was entitled to judgment for want of an answer.

An application to set aside and vacate a judgment is addressed to the sound legal discretion of the court, and unless it appears that such discretion has been abused, the order will not be disturbed upon appeal. (*Holland v. Lieuallen,* 6 Ida. 127, 53 Pac. 398; *Pease v. County of Kootenai,* 7 Ida. 731, 65 Pac. 432; *Holzeman v. Henneberry,* 11 Ida. 428, 83 Pac. 497; *Western Loan & Savings Co. v. Smith,* 12 Ida. 94, 85 Pac. 1084; *Bailey v. Taaffe,* 29 Cal. 422.) In this case the appellant did not present or offer to file an answer either at the time he made application to set aside the first default or at the time he made application to vacate and set aside the judgment from which this appeal is taken, and in the case of *Holzeman v. Henneberry, supra,* this court quotes with approval from *Holland Bank v. Lieuallen, supra,* as follows:

"Correct practice and the rule in this state to be followed is that, in addition to showing one of the grounds mentioned in section 4229 of the Revised Statutes, the defendant must, in his affidavit of merits, state the facts upon which his defense is based—must set forth the substance of his defense, so that the court may judge for itself whether the alleged defense is frivolous or meritorious. No such showing was made in this case. We are not willing to sanction a rule of practice which substitutes for the judgment of the trial court, as to whether the defendant has a meritorious defense or not, the opinion of some attorney whose opinion is based upon *ex parte* statements of an interested party not made under oath."

To entitle the appellant, therefore, to have the judgment opened on the grounds of mistake, inadvertence, surprise or excusable neglect, it was necessary for the appellant to also show that he had a defense to such action, for unless he had a defense and showed to the court by an affidavit of merits or a proposed answer, the facts embracing such defense, it would not be an abuse of legal discretion on the part of the court in overruling his application, whatever the facts might have been as to why he did not appear and file an answer in said cause. But we think it clearly appears from the record in this case that in addition to failing to furnish any affidavit of merits or answer showing that the defendant had a defense, he has also failed to show inadvertence, surprise or excusable neglect for not appearing and answering in said case. Even after the first default was set aside, the defendant failed to appear and file an answer, and upon application to set aside the second default he did not .file an answer.

We find no error in the record and the judgment is *affirmed;* costs awarded to *respondent.*

Sullivan, C. J., and Ailshie, J., concur.