(June 28, 1911.)

## J. BENJAMIN HALL, Appellant, v. F. W. WHITTIER et al., Respondents.

[116 Pac. 1031.]

APPEARANCE IN ACTION—DEFAULT OF JUDGMENT—DEFAULT JUDGMENT— VACATING DEFAULT JUDGMENT—SHOWING FOR OPENING DEFAULT— MISTAKE AND INADVERTENCE.

(Syllabus by the court.)

1. Where a defendant against whom a default judgment has been entered serves and files notice of motion to vacate and set aside the judgment and open the default, and thereafter a hearing is had on the same and the judgment is vacated and the default is

set aside, and an appeal is taken from such order and the record on appeal is silent on the question as to whether a formal motion was made, the appellate court will presume that a motion was made on the grounds designated in the notice, and that the court granted a motion that had been made by the moving party. In other words, the granting of a motion implies the making of a motion.

2.  Where a defendant has been served by process, and within the time allowed for answer files a demurrer and thereafter withdraws the demurrer and is given five days in which to further plead, and fails to make any further appearance within the time granted, he is thereafter in default, the same as he would have been had he not appeared within the time originally allowed under the statute after the service of summons, and the clerk or court may properly enter his default, and he is not entitled to any notice of application or motion for default.

3.  Where a defendant moves to vacate a judgment and set aside a default entered against him on account of "mistake and inadvertence," he must set forth the facts which he claims constitute the mistake or inadvertence and submit the same to the court, who must finally determine whether or not such facts constitute a mistake or an inadvertence within the purview of the statute sufficient to justify the granting of the relief sought.

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Edward A. Walters, Judge.

From an order vacating and setting aside a default judgment and opening a default and allowing the defendant to answer, plaintiff appealed. *Reversed.*

H. C. Mills, for Appellant.

On appeal the court will not presume from the giving of a notice of motion that such motion was actually made. This fact must appear from the record. (*Heerlich v. McDonald*, 80 Cal. 472, 22 Pac. 299; *Lewis v. Fireman's Ins. Co.*, 67 Ill. App. 195; *People v. Ah Sam*, 41 Cal. 645; *Thomas v. Superior Court*, 6 Cal. App. 629, 92 Pac. 739; *Spencer v. Branham*, 109 Cal. 336, 41 Pac. 1095.)

"The attention of the court must be called to the relief prayed for, and the court moved to grant it." (14 Ency. Pl. & Pr. 74.)

When an application is made for an order, the grounds of the motion should be stated specifically, and the grounds not so stated cannot be considered by the courts. (*Thompson v. Los Angeles*, 125 Cal. 270, 57 Pac. 1015; *Robson v. Colson*, 9 Ida. 215, 72 Pac. 951; *Ida. Mer. Co. v. Kalanquin*, 7 Ida. 295, 62 Pac. 925; *Givens v. Keeney*, 7 Ida. 335, 63 Pac. 110; *Miller v. Luco*, 80 Cal. 257, 22 Pac. 195; *Loring v. Stewart*, 79 Cal. 200, 21 Pac. 651; *Shain v. Forbes*, 82 Cal. 577, 23 Pac. 198.)

The record in the case at bar contains no motion whatever. Further, there is nothing in the record whereby this court can infer that such a motion was ever made.

Correct practice and the rule in this state to be followed is that, in addition to the showing of one of the grounds mentioned in sec. 4229, Rev. Codes, the defendant in his affidavit of merits must set forth the substance of his defense, so that the court may judge for itself whether the alleged defense is frivolous or meritorious. (*Holland Bank v. Lieuallen*, 6 Ida. 127, 53 Pac. 389; *Holzeman v. Henneberry*, 11 Ida. 428, 83 Pac. 497; *Western Loan & Savings Co. v. Smith*, 12 Ida. 94, 85 Pac. 1084; *Beck v. Lavin*, 15 Ida. 363, 97 Pac. 1028; *Council Imp. Co. v. Draper*, 16 Ida. 541, 102 Pac. 7; *Harr v. Kight*, 18 Ida. 53, 108 Pac. 539; *Morbeck v. Bradford-Kennedy Co.*, 19 Ida. 83, 113 Pac. 89.) The California courts have held to this rule: "In order to justify the vacating of a judgment and the setting aside of a default, the party claiming to be thus aggrieved must show excusable neglect or present a reasonable excuse for his default." (*Shearman v. Jorgensen*, 106 Cal. 483, 39 Pac. 863; *Edwards v. Hellings*, 103 Cal. 204, 37 Pac. 218; *Heine v. Treadwell*, 72 Cal. 217, 13 Pac. 503.) Also the Washington court, under a similar statute. (*Minneapolis Steel & Mach. Co. v. Aetna etc. Co.*, 56 Wash. 699, 106 Pac. 160.) And the Colorado court. (*Thompson v. Crescent Mill & Elev. Co.*, 47 Colo. 4, 105 Pac. 880.) Also Montana. (*Thomas v. Chambers*, 14 Mont. 423, 36 Pac. 814; *City of Helena v. Brule*, 15 Mont. 429, 39 Pac. 456, 852; *Morse v. Callantine*, 19 Mont. 87, 47 Pac. 635; *Jones*

*v. Jones,* 37 Mont. 155, 94 Pac. 1056; *Brown v. Weinstein,* 40 Mont. 202, 105 Pac. 730, and other cases.)

Longley & Hazel, for Respondents.

There is no showing in the record of objection to the sufficiency of respondents' affidavit, nor any showing of objection as to the motion or want of a motion to vacate and set aside the default judgment herein taken against respondents. The presumption, therefore, is that even if insufficient, the appellant waived his objections, if any he had, and cannot now for the first time raise objections thereto.

"The application to set aside and vacate a judgment is addressed to the sound legal discretion of the court, and unless it appears that such discretion has been abused, the order will not be disturbed upon appeal." (*Culver v. Mountain Home Elec. Co.,* 17 Ida. 669, 107 Pac. 65.)

The trial court should always exercise its discretion in favor of setting aside a default when the application is made in good faith and any reasonable showing is made. (*Dougherty v. Nevada Bank,* 68 Cal. 276, 9 Pac. 112, 5 Am. & Eng. Ency. of Law, 496; *Buell v. Emerich,* 85 Cal. 116, 24 Pac. 644; *Anaconda Min. Co. v. Saile,* 16 Mont. 8, 50 Am. St. 472, 39 Pac. 909; *Webster v. Somer* (Cal.), 114 Pac. 575.)

"There is a plain difference in meaning between 'default' and 'absence'; 'default' signifying that there has not been an appearance at any stage of the action by the party in default, while 'absence' means that the party was not present at a particular time." (*Covart v. Haskins,* 39 Kan. 571, 18 Pac. 522.)

AILSHIE, Presiding J.—This is an appeal from an order of the district court setting aside and vacating a judgment and opening a default. Plaintiff, who is appellant here, commenced an action against the defendants and respondents to recover judgment in the sum of $500 for services rendered by the plaintiff to the defendants. The defendants demurred to the complaint and thereafter and on the 13th day of February, 1911, the defendants appeared in open court by counsel

and asked and were granted leave to withdraw their demurrer and take five days in which to answer the complaint. The court granted them a period of five days in which to file an answer. The matter ran along until the 28th of February without any further appearance, on which latter date the plaintiff applied to the court for a default against the defendants, which was accordingly granted, and they thereupon took judgment for the sum demanded. Thereafter and on March 2d the defendants, through their attorney, served and filed a notice that they would move the court to vacate the judgment and open up the default on two grounds: First, on the ground that the plaintiff had not given the defendants notice of his application for default and judgment, and that no notice whatever of such proceedings was ever served on the defendants or their attorneys; and, second, upon the ground that the default had been taken against the defendants through inadvertence and mistake, and that they had a good defense to the action on its merits. This notice was accompanied by the affidavit of one of the attorneys for the defendants, setting up the facts hereinbefore enumerated, the filing of demurrer and the withdrawal of the same and the giving of time in which to answer, and the subsequent entry of judgment without notice to the attorneys for the defendants. This affidavit closes with the following paragraph:

"That the said defendants and each of them have a good defense to the complaint of the plaintiff herein; that they have fully and fairly stated the facts to their said attorneys of record and have been advised that they have a good and substantial defense on the merits of said action, and that your affiant verily believes the same to be true."

During the course of the argument, it was insisted by counsel for the plaintiff that no affidavit of merits had been filed and that no answer had been filed, whereupon the court allowed the defendants to file an answer, which denied the material allegations of the complaint. The original judgment was ordered by Hon. C. O. Stockslager, a judge of the fourth district, and the order vacating the judgment and setting

aside the default was made by Hon. Edward A. Walters, who is also a judge of the fourth district.

The only question presented here is that of the sufficiency of the showing made by the defendants to justify the court in vacating the judgment and setting aside the default. The application was heard on affidavits and files in the case and we have all the showing before this court that was before the trial judge who granted the motion, and we are therefore in as favorable a position for considering the matter as was the trial judge. (*Parsons v. Wrble,* 19 Ida. 619, 115 Pac. 8; *Van Camp v. Emery,* 13 Ida. 202, 89 Pac. 752.)

The first contention made by the appellant is that no motion was made in the lower court and that the court therefore had no jurisdiction to make the order complained of.

This position is not well taken. The defendant gave notice of his motion, and the fact that the relief granted is the same as that which the notice indicated the party would apply for carries with it the presumption that the motion was made. On the other hand, the granting of a motion implies the making of a motion.

It was contended by the respondent in the lower court as one of the grounds for granting the motion that the plaintiff had failed to serve counsel for defendant with notice of his intention to move for default and to take judgment by default. In support of this contention, counsel cite sec. 4892, Rev. Codes, which provides, among other things, that a defendant appears in an action when he answers, demurs or gives the plaintiff written notice of his appearance, and that thereafter the attorney must be served with notice of all subsequent proceedings of which notice is required to be given. He now contends that by having demurred he had "appeared," and was entitled to notice of the application to enter his default and take judgment against him. In other words, he contends that he was not in default. In the first place, he had withdrawn his demurrer, and there was no subsequent appearance in the case. He was granted by order of the court five days in which to answer. During that period of time no default could be taken against him, but this left him in just

the same position as he was in between the time of the service of summons and the expiration of the period allowed by statute in which to answer. During that period he had no attorney of record. After the lapse of that period, if he failed to appear, he was in default, and under the provisions of sec. 4360 of the Rev. Codes, the plaintiff might have applied to the clerk for the entry of his default and for judgment against him. This was the kind of a case that falls within the provisions of subd. 1 of the foregoing section, and it is therein provided that in such an action, "if no answer has been filed with the clerk of the court within the time specified in the summons or such further time as may have been granted, the clerk upon application of the plaintiff must enter the default of the defendant and immediately thereafter enter judgment for the amount specified in the summons," etc. In this case the plaintiff did not apply to the clerk but applied to the court, and the court merely did the thing by reason of being the court that the clerk could have done under the provisions of the statute. He entered the default of the defendant for his failure to answer within the time granted him, and thereupon entered judgment. The defendant was not entitled to any notice of this application, and this was therefore not a ground on which to base a motion to vacate the judgment and set aside the default.

The only other question presented was that of the "mistake and inadvertence" of the defendant. The only showing whatever made as to inadvertence and mistake is contained in the affidavit of Mr. Longley, and is as follows: "That the time for answering said complaint thereupon expired on or about the 18th day of February, 1911, but that because of inadvertence and mistake the time for answering said complaint as fixed by this court was overlooked and permitted to pass without an answer having been filed." It will be noted from the foregoing that counsel did not set forth any of the facts which constituted the inadvertence or mistake. It has been repeatedly held by this court in all matters of this kind that the facts must be presented to the court upon which the party relies to bring himself within the purview of the statute. In

other words, the litigant cannot be allowed to pass judgment on the question as to whether or not his facts entitle him to the relief he claims or bring him within the purview of the statute, but he must set up those facts and submit them to the judgment and discretion of the court, who must be the final judge as to their sufficiency (see *Council Improvement Co. v. Draper*, 16 Ida. 541, 102 Pac. 7; *Harr v. Kight*, 18 Ida. 53, 108 Pac. 539), and it has likewise been held that it is not sufficient for a moving party to say that he has a good and meritorious defense, but that he must set up the facts constituting the defense, either in his affidavit or answer, in order to enable the court to determine whether he pleads a good defense. (*Holland Bank v. Lieuallen*, 6 Ida. 127, 53 Pac. 398; *Holzeman v. Henneberry*, 11 Ida. 428, 83 Pac. 497. See, also, *Western Loan & Sav. Co. v. Smith*, 12 Ida. 94, 85 Pac. 1084; *Beck v. Lavin*, 15 Ida. 363, 97 Pac. 1028; and *Morbeck v. Bradford-Kennedy Co.*, 19 Ida. 83, 113 Pac. 89.)

We have likewise held in *Bell v. Bell*, 18 Ida. 636, 111 Pac. 1074, that where a party moved for a change of venue on the grounds of the prejudice and bias of the judge, he must state the facts upon which he predicates his charge of prejudice, and let the court determine their sufficiency, and the party himself cannot be the sole judge of the sufficiency of his facts.

And so in this case, the defendant did not set forth the facts which he claimed constituted the inadvertence or mistake, and consequently the court was without facts sufficient to set in operation his discretion in order to enable him to grant the motion. It may be said, however, that the inadvertence and mistake consisted in the fact that the defendant thought he was entitled to service of notice before the plaintiff could take his default and judgment against him. The answer, however, to that has already been given, namely, that he was not entitled to any such notice, and that he already had notice that he would be in default at the expiration of five days if he failed to further appear or answer.

For the foregoing reasons, it was clearly erroneous for the trial judge to vacate the judgment and set aside the default in this case. The order appealed from is *reversed* and vacated,

and the cause is hereby remanded, with direction to the trial judge to vacate and set aside the order previously made vacating the judgment and opening the default. Costs awarded in favor of appellant.

Sullivan, J., concurs.