(May 14, 1913.)

# WILLIAM A. RICHARDS, Respondent, v. FRANCES L. RICHARDS, Appellant.

[132 Pac. 576.]

MOTION TO VACATE JUDGMENT—APPEALABLE ORDER—MOTION FOR CONTINUANCE REVIEWABLE UPON APPEAL FROM JUDGMENT—GRANTING CONTINUANCE IN DISCRETION OF COURT.

1. Under the provisions of sec. 4198 of the Rev. Codes of this state, "All pleadings filed in the district courts or supreme court of this state shall be signed by a resident attorney of the state, who shall state his residence or postoffice address," etc.

2. A motion for continuance is reviewable upon appeal from the judgment.

3. A motion for continuance is addressed to the sound legal discretion of the court, and unless there is a clear abuse of that discretion, the order made will not be disturbed on appeal.

4. Where a motion was made for a continuance and was denied, and no appeal was taken from the final judgment in the case, a court should not thereafter grant a motion made to vacate and set aside the judgment where the motion is based upon the same grounds and facts set forth in the motion for continuance and where such motion is made after the time for appeal from the judgment has expired.

5. Where there is no abuse of discretion on the part of the trial court in denying a continuance upon the showing made, there can be no abuse of discretion in subsequently denying a motion to vacate the judgment entered in the same case, where the motion to vacate is based upon the same showing and state of facts disclosed in the motion for continuance.

6. A motion to vacate and set aside a judgment under the provisions of sec. 4229, Rev. Codes, is addressed to the sound legal discretion of the court, and when that discretion has been brought to bear upon all the facts presented in the motion and has been exercised in the light of the statutes bearing upon the questions encompassed by the motion, and there is nothing which makes it appear that such discretion has been arbitrarily exercised in disregard of the established rules of law and principles of justice, an appellate court will not disturb the order and judgment of the court that was called upon to exercise the discretion.

7. Where a motion is made to set aside and vacate a decree of divorce, and it appears that at the time of the hearing on the motion one of the parties has remarried, the court will ordinarily require a stronger showing before vacating the judgment than he would require under other circumstances or in an ordinary case.

APPEAL from the District Court of the Fourth Judicial District for Blaine County. Hon. Edw. A. Walters, Judge.

Action for divorce. Judgment for plaintiff. Defendant moved to vacate the judgment. Motion denied. Defendant appeals. *Affirmed.*

Richards & Haga and W. J. Lamme, for Appellant.

This appeal in no way involves the question of the correctness of the refusal of a continuance on the showing then made. It is devoted solely to the question whether the trial court erred in denying the motion to vacate and set aside the judgment on the ground of inadvertence and surprise on the showing made on the latter motion. It necessarily involves a careful examination of the record, and cannot be considered by this court on motion to dismiss. (*Hibernia Sav. & Loan Soc. v. Cochran,* 134 Cal. 19, 66 Pac. 732; *Beebe v. Guinault,* 29 La. Ann. 795; 4 Ency. L. & P. 273; *Corder v. Speake,* 37 Or. 105, 51 Pac. 647; *Davis' Estate,* 27 Mont. 235, 70 Pac. 721; *Centerville etc. Ditch Co. v. Bachtold,* 109 Cal. 111, 41 Pac. 813; 2 Hayne, New Trial and Appeal, p. 1519.) The order denying the motion to set aside and vacate the judgment was certainly an appealable order. (*Oliver v. Kootenai County,* 13 Ida. 281, 90 Pac. 107; *Shumake v. Shumake,* 17 Ida. 655, 107 Pac. 42; *O'Donnell v. Murphy,* 10 Cal. App. 1, 100 Pac. 1071; *Hill v. Chicago & Evanston Ry. Co.,* 129 U. S. 170, 9 Sup. Ct. 269, 32 L. ed. 651; *Kasson's Estate,* 135 Cal. 1, 66 Pac. 871.)

The granting or refusal to grant a motion for a new trial undoubtedly rests in the sound, legal discretion of the court. But the abuse of such discretion will be reviewed and corrected on appeal. (*Thum v. Pyke,* 6 Ida. 359, 55 Pac. 864.)

"By reason of the public interest in a divorce case the

court should be especially inclined to set aside a default.''
(2 Bishop, Marriage, Divorce and Separation, p. 277, sec.
669; *McBlain v. McBlain,* 77 Cal. 507, 20 Pac. 61; 2 Nelson
on Divorce and Separation, 733–735, 775.)

In all doubtful cases the general rule of the courts is to
incline toward granting relief from the default, and to bring
about a judgment on the merits. (*Cutler v. Haycock,* 32
Utah, 362, 90 Pac. 897; *Utah Commercial Bank v. Trumbo,*
17 Utah, 207, 53 Pac. 1033.)

H. A. Baker and Sullivan & Sullivan, for Respondent.

After final judgment was entered, if appellant desired to
have reviewed the matters and issues raised on the hearing
of the motion for continuance, her remedy was an application
for a new trial or an appeal from the final judgment, and she
cannot now raise the same questions upon an appeal from
the order denying her motion to vacate and set aside the
judgment. (Secs. 4800, 4832, Rev. Codes; *Home for Care of
Inebriates v. Kaplan,* 84 Cal. 486, 24 Pac. 119; *Worth v.
Emerson,* 3 Cal. App. 158, 85 Pac. 664; 2 Hayne, New Trial
and Appeal, sec. 199; *Reid v. Fillmore,* 12 Wyo. 72, 73 Pac.
849.)

It is well settled that an order denying an application for
continuance should be reviewed on an appeal from the final
judgment. (*Reynolds v. Corbus,* 7 Ida. 481, 63 Pac. 884;
*Rankin v. Caldwell,* 15 Ida. 625, 99 Pac. 108; *Storer v. Heit-
feld,* 17 Ida. 120, 105 Pac. 55; *Miller v. Brown,* 18 Ida. 200,
109 Pac. 139; *Walsh v. Winston Bros. Co.,* 18 Ida. 772, 111
Pac. 1090; 2 Hayne, New Trial and Appeal, p. 999.) This
court has repeatedly held that the granting or denying of
motions of this character is within the sound discretion of
the trial court, and unless an abuse of this discretion has been
plainly shown, the order of the trial court will not be inter-
fered with. (Citing authorities given in opinion of the court;
*Dusy v. Prudom,* 95 Cal. 646, 30 Pac. 798; 23 Cyc. 937, 938.)

''A marriage of the prevailing party in a divorce suit does
not preclude relief to the other party by vacating the decree
in a proper case, although there is well-justified reluctance to

annul such decrees, and it should be done only after the most careful consideration.'' (14 Cyc. 719; *Webster v. Webster,* 54 Iowa, 153, .6 N. W. 170; *Wortman v. Wortman,* 17 Abb. Pr. (N. Y.) 66; *Whittley v. Whittley,* 60 Misc. Rep. 201, 111 N. Y. Supp. 1078; *Edson v. Edson,* 108 Mass. 591, 11 Am. Rep. 393; *Whittaker v. Whittaker,* 151 Ill. 266, 37 N. E. 1017; *Day v. Nottingham,* 160 Ind. 408, 66 N. E. 998; *Scripture v. Scripture,* 70 Hun (N. Y.), 432, 24 N. Y. Supp. 301; *Lawrence v. Lawrence,* 73 Ill. 577.)

AILSHIE, C. J.—This is an appeal from an order refusing to vacate and set aside a judgment. The action was for divorce. Plaintiff resides in Blaine county, Idaho, and defendant resides in Salt Lake City, Utah. Complaint was filed August 2, 1911. Summons was served and the defendant made general appearance by demurrer filed October 10th. Demurrer was thereafter overruled and answer and cross-complaint were filed November 13, 1911.

Defendant denied the material allegations of the complaint, and in a cross-complaint alleged her desertion by the plaintiff and prayed for a decree of divorce from plaintiff and for certain property and attorneys' fees, etc. On the 14th of November the plaintiff's counsel filed a demurrer to the cross-complaint and also a motion for judgment on the pleadings. Up to this time defendant had been represented by the law firm of Evans & Evans, of Salt Lake City, and the pleadings filed in the case had been signed by them and no. attention had apparently been paid to the provisions of sec. 4198 of the Rev. Codes of this state, which requires that ''all pleadings filed in the district courts or supreme court of this state shall be signed by a resident attorney of the state, who shall state his residence or postoffice address,'' etc. No question, however, was raised by plaintiff as to the failure of the pleadings on behalf of the defendant to be signed by a resident attorney. On November 15, 1911, it appears that Evans & Evans wrote to Hon. C. O. Stockslager, addressing their letter to Hailey, Idaho, requesting him to associate himself with them as counsel in the case. This letter was forwarded

from Hailey to Judge Stockslager at Twin Falls, and was by him turned over to A. M. Bowen, an attorney of Twin Falls. Mr. Bowen thereupon wrote to Evans & Evans that he was advised by his partner, Mr. Porter, that the case could be set for trial at any time not later than Saturday, November 25th, but that it would be impossible for his firm to represent them. Evans & Evans received this letter on the 24th, and thereupon called W. J. Lamme, an attorney of Hailey, over the phone and engaged him to represent them. Mr. Lamme was entered as associate counsel on November 24th, and on the same day the case was set for trial the following day, November 25th, at 2 o'clock. Mr. Lamme thereupon notified Evans & Evans by wire, and it appears from their affidavits that they and the defendant found that, according to the train schedules they could not reach Hailey in time for the trial on Saturday, and they so notified Mr. Lamme. On the 25th, when the case was called, the defendant did not appear, neither did her attorneys, Evans & Evans, appear. Mr. Lamme filed a motion supported by his affidavit asking for a continuance, setting up the fact that he believed that the defendant had a meritorious case and the nature and manner of his employment and his conversation with Evans & Evans over the telephone, and the fact that they had stated that it was impossible for either them or the defendant to reach Hailey in time for the trial. This application was resisted by counsel for the plaintiff, and it was shown that the plaintiff was present and had been present in attendance on the court ready for trial. The court denied the motion and heard the case, and rendered judgment in favor of the plaintiff, granting him a divorce. This decree, however, is merely a decree of divorce and makes no reference whatever to any property owned by either spouse or to any community property, and does not attempt to make any disposition whatever of any property rights. Thereafter and on April 29, 1912, the defendant, through her attorneys, Evans & Evans and W. J. Lamme, moved the court, under the provisions of sec. 4229, Rev. Codes, to vacate and set aside the judgment previously entered, and in support of the motion set out the facts

in their affidavits as hereinbefore detailed. This motion was resisted, and after a hearing the court denied the same, and this appeal has been prosecuted.

The motion to vacate and set aside the judgment is made upon the same grounds and based upon the same facts set forth in the motion for a continuance. A motion for continuance is reviewable upon appeal from the judgment. (Sec. 4807, Rev. Codes; 1911 Sess. Laws, p. 367; *Reynolds v. Corbus,* 7 Ida. 481, 63 Pac. 884; *Rankin v. Caldwell,* 15 Ida. 625, 99 Pac. 108; *Maple v. Williams,* 15 Ida. 642, 98 Pac. 848; *Storer v. Heitfeld,* 17 Ida. 120, 105 Pac. 55; *Miller v. Brown,* 18 Ida. 200, 109 Pac. 139; *Walsh v. Winston Bros.,* 18 Ida. 772, 111 Pac. 1090; *Richardson v. Ruddy,* 10 Ida. 151, 77 Pac. 972; *Robertson v. Moore,* 10 Ida. 115, 77 Pac. 218; *Holt v. Gridley,* 7 Ida. 416, 63 Pac. 188.) Where a motion was made for a continuance and was denied, and no appeal was taken from the final judgment subsequently entered, a court should not grant a motion made to vacate and set aside the judgment which is made on the same grounds and based upon the same facts contained in the motion for continuance *where such motion is made after the time for appeal from the judgment has expired.* In other words, if it was no abuse of discretion to deny the motion for continuance, then it could be no abuse of discretion to deny a motion to vacate and set aside the judgment where the motion was based upon substantially the same facts and circumstances set forth as a basis of the motion for continuance. (1 Black on Judgments, sec. 304a; *Bernhard v. Idaho Bank & Trust Co.,* 21 Ida. 598, 123 Pac. 481; *United States v. Throckmorton,* 98 U. S. 61, 25 L. ed. 93; *Reed v. Cross,* 116 Cal. 484, 48 Pac. 491.)

Considering, however, appellant's motion to vacate the judgment as an independent motion, and upon the theory that the same facts were not covered by the motion for a continuance, we would still not be able to hold in this case that there was an abuse of the discretion vested in the trial court in denying the motion. A motion like this is addressed to the sound, legal discretion of the court, and when that discretion has been brought to bear upon all the facts

presented in the motion and has been exercised in the light of the statutes bearing upon the questions encompassed by the motion, and there is nothing which makes it appear that such discretion has been arbitrarily exercised in disregard of the established rules of law and principles of justice, an appellate court should not, and will not, disturb the order and judgment of the court that was called upon to exercise the discretion. (*Baker v. Knott*, 3 Ida. 700, 35 Pac. 172; *Holland Bank v. Lieuallen*, 6 Ida. 127, 53 Pac. 398; *Thum v. Pyke*, 6 Ida. 359, 55 Pac. 864; *Pease v. County of Kootenai*, 7 Ida. 731, 65 Pac. 432; *Holzeman v. Henneberry*, 11 Ida. 428, 83 Pac. 497; *Western Loan & Sav. Co. v. Smith*, 12 Ida. 94, 85 Pac. 1084; *Vane v. Jones*, 13 Ida. 21, 88 Pac. 1058; *In re Pittock's Estate*, 15 Ida. 47, 96 Pac. 212; *Council Improvement Co. v. Draper*, 16 Ida. 541, 102 Pac. 7; *Culver v. Mt. Home Electric Co.*, 17 Ida. 669, 107 Pac. 65; *Harr v. Kight*, 18 Ida. 53, 108 Pac. 539; *Morbeck v. Bradford-Kennedy Co.*, 19 Ida. 83, 113 Pac. 89; *Hall v. Whittier*, 20 Ida. 120, 116 Pac. 1031; *Humphreys v. Idaho Gold Mines Development Co.*, 21 Ida. 127, 120 Pac. 823; *Brooks v. Orchard Land Co., Ltd.*, 21 Ida. 212, 121 Pac. 101; *Hamilton v. Hamilton*, 21 Ida. 672, 123 Pac. 630.)

Here the appellant waited for nearly three months after making a general appearance in the case before employing anyone in this state or anyone convenient to the court to represent her. The court appears to have been in session for some time and was about to adjourn. Appellant must have known that the court was in session and that her case was likely to be set for trial at any time. (*Dusy v. Prudom*, 95 Cal. 646, 30 Pac. 798.) It appears that she also wanted a divorce, and was seeking the same kind of relief that the respondent was seeking. She, however, was seeking the settlement and adjudication of certain property rights which she alleged existed.

Another thing which may have had some influence with the trial court is that it appeared by affidavit made by one of respondent's counsel that the respondent had remarried prior to the hearing on this motion in the district court. A court

would ordinarily be justified in requiring a stronger showing before vacating the judgment in a case where one of the parties had remarried than he would in a case where the status of the parties remains unchanged. (14 Cyc. 719; 7 Ency. P. & P. 138.) The fact that plaintiff had moved the court for judgment on the pleadings was not sufficient to justify defendant in delaying attending court and looking after her case, for the reason that such a motion could not prevail or be entertained in a divorce suit. (Sec. 2661, Rev. Codes; *Bell v. Bell,* 15 Ida. 7, 96 Pac. 196.) The motion in this case was withdrawn before trial.

We are of the opinion that the judgment in this case should be affirmed, and it is so ordered. This being a divorce case and the wife being the appellant, it is ordered that the costs of this appeal be paid by the respondent.

Stewart, J., concurs.

Sullivan, J., did not sit at the hearing of this case.